*C. E. Walker,* for appellee.

———————•———————

SCHNANTZ *v.* SCHELLHAUS, Administratrix.

SCHOOL FUND.—*Mortgage.*—*Title.*—*Redemption.*—A purchaser under a sale by virtue of a mortgage to the school fund takes an absolute title, and there is no right of redemption by junior incumbrancers.

APPEAL from the Vanderburg Circuit Court.

DOWNEY, J.—This action was brought by the appellee, as administratrix of the estate of Casper Schellhaus, deceased, against the appellant. Its object was to redeem certain real estate. As the sufficiency of the pleadings is drawn in question by the assignment of errors, it is necessary to a proper understanding of the questions presented and decided to state, in substance, the facts alleged. It is stated in the complaint that on the 14th day of March, 1867, Conrad Litzler and his wife mortgaged certain described real estate to one Seveiking, which mortgage, and the note which it was intended to secure, were assigned to said Casper Schellhaus on the 6th day of April, 1867; that Schellhaus was dead, and the plaintiff had been duly appointed administratrix of his estate; that on the 23d day of December, 1862, said Conrad Litzler and his wife had mortgaged a part of the same

real estate to the State of Indiana, to secure a loan of school funds; that default was made in the payment of said school fund mortgage; that on the 22d day of March, 1869, the auditor of the county sold the said real estate embraced in the school fund mortgage, and the defendant became the purchaser thereof, and on the 24th day of March, 1869, received a deed therefor from the auditor; that after said sale the plaintiff brought an action to foreclose the mortgage assigned to her intestate as above stated, to which action the defendant was a party; and that on the 23d day of October, 1869, she recovered a judgment against Litzler for the amount of the debt, and the mortgage was declared to be a lien on the tract of land described therein, which was not embraced in the school fund mortgage, and purchased by the defendant, Schnantz; that she caused this property to be sold on execution, and it produced enough to pay only part of her judgment, she becoming the purchaser thereof, the balance due being one thousand one hundred and ninety dollars; that Litzler was, at the date of said judgment, and yet is, wholly insolvent, and the only way in which she can make said balance is by redeeming said land so mortgaged to the school fund and purchased by said Schnantz; that she is ready and willing to pay the defendant the amount paid by him, with interest thereon. She prays for an account of the amount due to the defendant, that she may be permitted to redeem, and for general relief.

There was a demurrer to the complaint on the ground that it did not state facts sufficient, which was overruled, and the defendant excepted.

The defendant then answered, that in the action to foreclose the mortgage, brought by the plaintiff, "for the same cause of action as that set forth in the complaint herein, this defendant recovered judgment duly given upon the merits thereof against the said plaintiff, for the same real estate sought to be subjected herein, and for his costs therein expended, which judgment is still of record in the court, unreversed and in full force. Copies of the complaint, the

Schnantz *v.* Schellhaus, Administratrix.

answer of this defendant, the reply of said plaintiff, and the said judgment are herewith filed as a part hereof; wherefore," etc. Detached papers, purporting to be copies of the papers referred to in the answer, not certified by the clerk, nor purporting to be a complete record in the cause, are in the record following the answer.

A demurrer to the answer, for the reason that it did not state facts sufficient to constitute a defence, was sustained, and the defendant excepted. The defendant not answering further, the court took the account of the amount due the defendant, and made an order that, on its payment, she should have the right to sell the said real estate so purchased by the defendant, under the school fund mortgage, for the payment of the balance due her, and that any overplus be paid to said Conrad Litzler; that from and after the sale the deed from the auditor to the defendant be set aside, and he be enjoined from setting up any claim under it. The defendant objected to all these rulings, and to each and every part of the judgment rendered.

The errors assigned are, that the court improperly overruled the demurrer to the complaint, improperly sustained the demurrer to the answer, and improperly ordered the surplus, if any, to be paid to the said Conrad Litzler.

Under the first error assigned, that is, the overruling of the demurrer to the complaint, the question is presented as to the effect of the sale of the land by the auditor under the school fund mortgage. The appellant's counsel contend that the effect was to vest in the purchaser the fee simple, and to cut off entirely the equity of redemption of the junior incumbrancer, while the counsel for the appellee contend that its effect was only that of a sale under a foreclosure, to which the junior incumbrancer was not a party, leaving her free to pay the amount due on the prior incumbrance, and to redeem.

The conclusion at which we have arrived on this question will render it unneccessary to examine any other.

The mortgage and note contain a power by which the

.mortgaged premises, in case of default in payment of the principal or interest of the debt, may be forthwith sold, by the county auditor, for the payment of such principal sum, interest, damages, and costs. The statute specially authorizes the auditor to make the sale, and to excute a deed of conveyance to the purchaser. 1 G. & H. 553, secs. 79, 81, 82, and 85. No redemption after sale is provided for.

The note and mortgage constitute but one instrument. They are followed by a certificate of acknowledgment, and duly recorded.

Whoever, then, takes or acquires a subsequent lien on the premises, or interest therein, has full notice of the existence of the power, and the right of the donee thereof to exercise the same on the happening of the contingency.

The notice which the auditor is required to give, before he sells, is a warning to all those who are interested in the estate, whether the mortgagor or junior incumbrancers, that they must redeem before the sale, or be foreclosed. Such powers as this are coupled with an interest, and are irrevocable. The title created by the exercise of such a power is considered as taking effect as if the power and the instrument executing it had been incorporated in one instrument, and as if the purchaser was in by the first grantor, and not by the grantee or donee of the power. As the title takes effect by virtue of the original deed, it follows that a purchaser is not affected by the liens or interests derived from the mortgagor subsequent to the creation of the power, unless protected by statute. Such a sale, upon principle, when not controlled by statute, extinguishes all liens and interests derived from the mortgagor subsequent to the creation of the power. *Bancroft* v. *Ashhurst*, 2 Grant, Pa. 513.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court to sustain the demurrer to the complaint.

*J. M. Shackelford* and — *Parrett*, for appellant.
*C. Denby* and *D. B. Kumler*, for appellee.