## The McElwaine-Richards Company v. Gifford et al.

[No. 19,750. Filed December 9, 1902.]

MORTGAGES.—*Mortgage to Secure University Endowment Fund.—Sale by State Auditor.—Junior Mortgage.—Priority.*—A purchaser of land at a sale by the State Auditor to collect the amount of a loan represented by a State University endowment-fund mortgage, takes the land free from the lien of a junior mortgage. *p. 537.*

SAME.—*Sale by State Auditor.—Constitutional Law.*—The act of the legislature authorizing the State Auditor to collect the amount of

a loan represented by a State University endowment-fund mortgage is not unconstitutional as conferring judicial power on the State Auditor. *p. 537.*

MORTGAGES.—*Sale to Collect Endowment Funds.*—*Junior Mortgagor no Right to Redeem.*—Where a sale of land has been made by the State Auditor to collect a mortgage loan of State University endowment funds, a junior mortgagor has no right to redeem. *p. 537.*

From Jasper Circuit Court; *S. P. Thompson,* Judge.

Suit by McElwaine-Richards Company against Benjamin J. Gifford and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*C. W. Hanley, J. J. Hunt* and *W. H. Latta,* for appellant.

*J. E. Wilson* and *B. F. Ferguson,* for appellees.

JORDAN, J. — Action instituted below by appellant against appellees to foreclose a mortgage against certain described real estate situated in Jasper county, Indiana. A special finding of facts was made by the trial court, and conclusions of law thereon stated, upon which judgment, over appellant's exception, was rendered against it for costs.

The essential facts found by the trial court may be summarized as follows: On April 2, 1891, James Light was the owner in fee simple of the mortgaged real estate herein involved, and on that day he mortgaged the same to the State of Indiana to secure the payment of $2,500 borrowed by him of the permanent endowment fund of the Indiana University. The mortgage and the note which it secured were in the prescribed statutory form. The money secured was to become due and payable on or before April 30, 1896, and the note executed by the borrower provided "that in case of a failure to pay any instalment of interest the principal sum shall become due and collectible, together with all arrears of interest," etc., "and the mortgaged premises may be forthwith sold by the auditor of public accounts for the payment of such principal sum, interest, damages, and costs." The mortgage was duly acknowledged and recorded

as required by law.  On the 15th day of May, 1891, Light sold and conveyed the mortgaged lands to one Smith, subject to the State's mortgage, and the payment of the amount secured thereby was assumed by said grantee as part of the purchase money.  On June 1, 1892, Smith and wife mortgaged the premises to appellant to secure several promissory notes.  This latter mortgage was duly recorded and is the one that appellant in this action is seeking to foreclose against appellees.  Default having been made in the payment of interest on the loan made to Light, the Auditor of State, under the authority invested in him by the statute, after giving the required notice by publication, sold the premises on January 17, 1895, at public sale at the court-house door in the city of Indianapolis, and appellee Benjamin J. Gifford purchased the entire tract for $2,936.06, cash in hand paid, and on the same day the Governor and Secretary of State, in pursuance of law, conveyed by a proper deed the lands to said Gifford, and he thereupon took possession thereof.  At the time Gifford purchased the lands, the court finds that they were wild, overflowed with water, and unfit for cultivation.  The special finding discloses that all of the essential steps required by law were duly taken by the Auditor to warrant him to sell the lands in dispute.  It is disclosed that at the time appellant obtained its mortgage it had actual notice of the one which Light had executed to the State.  Gifford since purchasing these premises has paid taxes thereon to the amount of $250, and has also paid drainage assessments to the amount of $5,000, and has expended in other permanent improvements a like amount.

The conclusions of the court on the facts found were to the the effect that the Auditor of State had legal authority to sell the realty in question as he did, and that Gifford, under the sale and conveyance made in pursuance thereof, acquired and took an absolute title in fee simple in and to the lands, and that all claims and rights of appellant under

its mortgage, as against said real estate in the hands of Gifford, were barred and foreclosed by virtue of said sale.

The principal question presented under the facts is: Did appellee Gifford, under the sale by the Auditor of State in satisfaction of the loan made to Light of the permanent endowment fund of the Indiana University, acquire and take title to the lands in dispute free from the lien of appellant's junior mortgage? This question is ruled by the decision of this court in the appeal of *Fisher* v. *Brower, ante,* 139, and, under the holding in that case the question must be answered in the affirmative.

The further contention is advanced by counsel for appellant to the effect that the Auditor of State should have foreclosed the State's mortgage by judicial proceedings, and that a construction of the statute which will sustain his act in the premises will render the law unconstitutional, for the reason that, under such circumstances, it may be said to confer judicial power upon the Auditor. There is no force or merit in this contention, and the question so raised is decided adversely to appellant's claim in the case of *Fisher* v. *Brower, supra.*

A further claim appears to be made to the effect that appellant's right to redeem the land from the State's mortgage could not be legally cut off or barred by the method employed by the Auditor in selling the land to satisfy the debt secured thereby. By the decision in the Fisher case, *supra,* the permanent endowment fund of the State University is, under the law, held and treated in like manner as is the common school fund. Therefore, Gifford, by his purchase at the sale in question, acquired an absolute title to the land; and appellant's right thereafter under its junior lien either to foreclose the same against the lands, or to redeem them from the sale made by the Auditor, was entirely barred and precluded. *Schnantz* v. *Schellhaus,* 37 Ind. 85; *Bonnell* v. *Ray,* 71 Ind. 141. The right to redeem from such sales is but a matter of grace which the legisla-

ture does not appear to have extended to either the owner of the land or to a junior encumbrancer.

Other questions are discussed by counsel in respect to the sufficiency of the publication of the notice of the sale, and in regard to other minor points, all of which objections have been considered, but we find that they are not sustained by the facts and the law applicable thereto.

There is no error in the record, and the judgment is affirmed.