The Board of Commissioners of Lawrence County *et al. v.* Hall *et al.*

THE BOARD OF COMMISSIONERS OF LAWRENCE COUNTY ET AL.
*v.* HALL ET AL.

CORPORATION.—*Legal Existence of.*—*Information.*—*Quo Warranto.*—A proceeding by an information in the nature of a *quo warranto* is authorized by clause 3, section 749, 2 R. S. 1876, p. 298, "Where any association or number of persons shall act within this State as a corporation, without being legally incorporated."

RAILROAD.—*Appropriation by Township.*—*Jurisdiction of County Commissioners on the Filing of a Petition.*—*Organization of Company.*—Where a sufficient petition for an appropriation by a township, to aid in the construction of a railroad, has been duly filed before the proper board of county commissioners, under the act of May 12th, 1869, 1 R. S. 1876, p. 736, the filing of the petition calls into exercise the jurisdiction of the

board, and authorizes that body to determine every fact necessary to the granting of the prayer of the petition, including the question as to whether or not the railroad company sought to be aided has been duly organized under the laws of this State.

SAME.—*Judgment of Board on Petition can not be Collaterally Attacked.— Injunction.—Tax.—*An order by the board of commissioners, in such proceeding, that the prayer of the petition be granted, is, in effect, a decision or judgment in the affirmative as to all the material questions alleged in and presented by the petition, including the due organization of such company, and its right to receive such aid; and such decision can not be attacked collaterally in an action by a taxpayer to enjoin the collection of a tax levied to make such appropriation.

SAME.—*Remedy.—Appeal.—*The remedy, against such decision, is by an appeal therefrom.

SUPREME COURT.—*Rehearing.—Motion to Dismiss Appeal.—Failure to Brief.* —A rehearing will not be granted to an appellee, (who, though appearing to the appeal, has failed to file a brief or make an argument,) to allow him, for the first time, to move to dismiss the appeal, or present reasons for affirming the judgment.

From the Lawrence Circuit Court.

*F. Wilson* and *M. T. Dunn*, for appellants.

*G. W. Friedley, E. D. Pearson, N. Crooke, G. Putnam, J. W. Buskirk* and *H. C. Duncan,* for appellees.

WORDEN, J.—This was a complaint by the appellees, who were taxpayers of Shawswick township, Lawrence county, Indiana, against the appellants, among whom were the auditor and treasurer of the county, to enjoin the collection of a certain tax upon the property in the township, duly petitioned for and assessed to aid in the construction of the Bedford, Springville, Owensburgh & Bloomfield Railroad, passing into that township. The complaint is voluminous, containing four paragraphs, and sets up various grounds on which the injunction was asked.

A demurrer was filed to the complaint, and, pending the decision on the demurrer, the court, on the application of the plaintiffs, granted a temporary injunction until the final trial of the cause or the further order of the court, enjoining the collection of the tax.

From the order granting the injunction, the defendants appeal.

Under the circumstances of the case as they are presented to us, we deem it unnecessary to examine the entire complaint with a view to determine whether it states any ground for the injunction. We have before us an elaborate and well prepared opinion of the court below, contained in the brief of counsel for the appellants, in which it appears that the complaint was held to be good, because it appeared therefrom that the railroad company was not a legally organized corporation. In order to present the view of the court below, as to the ground upon which the complaint was thought to be sufficient, we make the following extract from the opinion:

" The complaint, so far as it was held good after the former argument upon the demurrer thereto, is, in substance, as follows:

" The articles of association of the railroad company do not contain the places of residence of the subscribers thereto;

" The places of residence of a portion of the subscribers to the articles of association are not contained therein, and, omitting these, there is not a subscription of $1,000 per mile for each mile of the road;

" That there was not a subscription of $1,000 per mile to the articles of association, when the same were filed in the office of the Secretary of State;

" The names of some of the persons who appear as subscribers to the articles of association are forgeries, and there is not a subscription of $1,000 per mile, without these;

" Neither the original nor copies of the articles of association were filed in the office of the Secretary of State;

" The assessment petitioned for, voted and made, is in excess of two per cent. on the property of the township.

" The objections are:

"1st. The allegations of the complaint do not show that there is not a legally organized corporation;

"2d. The complaint shows that the plaintiffs are estopped to deny the legal existence of the organization.

"If there are not such facts stated in the complaint as to show that there is not a legal corporation, the tax is legal, unless the levy exceeds two per cent. of the valuation of the property of the township for the proper year. This question has not been discussed, and will not, therefore, be considered. See *The Columbus, etc., R. W. Co.* v. *The Board, etc.*, 65 Ind. 427. This question aside, the tax is legal and the complaint bad, if there is a corporation legally organized; but, if there is no legal corporation, the tax is illegal and the complaint good unless such facts appear on its face as show that the plaintiffs are estopped from showing that there is no legal organization."

The opinion then proceeds to hold that the company was not legally incorporated.

The exhibits to the complaint show on their face a regular organization of the railroad company. with articles of association filed in the office of the Secretary of State; and that the proceedings in reference to the levy of the tax were, so far as we have observed, regular.

The counsel for the appellants make two points, viz.:

*First.* "That any alleged or supposed irregularities or defects in the organization of the railroad company can not be pointed out and made available in this case, because that would be to allow a collateral attack upon the existence of the corporation." And, upon this point, they cite the cases of *The Brookville, etc., Turnpike Co.* v. *Mc-Carty*, 8 Ind. 392; *The Aurora, etc., R. R. Co.* v. *The City of Lawrenceburgh*, 56 Ind. 80.

*Second.* "That a petition having been filed before the

board, averring the legal organization of the railroad company, that fact—the existence of such a legally organized railroad company—became and was a jurisdictional fact which the board was compelled to determine; and having determined it, as they must have done, in the affirmative, it can not now be enquired into collaterally." To this point they cite the following authorities: *The Evansville, etc., R. R. Company* v. *The City of Evansville*, 15 Ind. 395; *The Pendleton and Eden Turnpike Company* v. *Barnard*, 40 Ind. 146; *The Board of Comm'rs of Clay County* v. *Markle*, 46 Ind. 96; *Markle* v. *The Board of Comm'rs of Clay County*, 55 Ind. 185.

Without passing upon the first point made by counsel for the appellants, we cite the following additional authorities as having some bearing upon it: *Duke* v. *The Cahawba Nav. Company*, 16 Ala. 372; *The President, etc., of the Centre, etc., Turnpike Road Company* v. *M' Conaby*, 16 S. & R. 140; *Doyle* v. *The Peerless Petroleum Company*, 44 Barb. 239; *The State* v. *Carr*, 5 N. H. 367-371; *Eaton* v. *Aspinwall*, 19 N. Y. 119; *The Buffalo, etc., R. R. Co.* v. *Cary*, 26 N. Y. 75; *McFarlan* v. *The Triton Ins. Company*, 4 Den. 392. It may be remarked, in connection with this point, that our statute has made ample provision for proceeding by information in the nature of a *quo warranto*, "Where any association or number of persons shall act within this State as a corporation, without being legally incorporated." 2 R. S. 1876, p. 298.

We come now to the second point made by counsel for the appellants, on which we decide the case.

The first section of the act to authorize aid to the construction of railroads, etc., 1 R. S. 1876, p. 736, provides, that, " whenever a petition shall be presented to the board of commissioners of any county in this State, at any regular or special session thereof, signed by twenty-five freeholders of any township of such county, asking such

township to make an appropriation of money to aid a railroad company, named in such petition, and then duly organized under the laws of this State, in constructing a railroad in or through such township, by taking stock in or donating money to such company to an amount specified in such petition, not exceeding, however, two per centum upon the amount of the taxable property of such township on the tax duplicate of the county delivered to the treasurer of the county for the preceding year, it shall be the duty of such board of commissioners, after being satisfied that such petition has been properly signed by the requisite number of freeholders of such township as aforesaid, to cause the same to be entered at full length upon their records."

Subsequent sections provide for taking the petition under advisement; ordering a vote to be taken on the subject; and, the vote resulting favorably, granting the prayer of the petition.

Now, it is manifest that, on the filing of a petition for such aid, one of the questions to be met and decided by the board is, whether the railroad company, in whose favor the aid is asked, is then duly organized under the laws of this State; for, unless such be the case, the board is not authorized to make the order granting the prayer of the petition.

The filing of the petition calls into exercise the jurisdiction of the board, and authorizes that body to determine, not only whether the petition is properly signed by the requisite number of freeholders of the township, but every other fact necessary to the granting of the prayer of the petition, including the due organization, under the laws of this State, of the company in whose favor aid is asked.

By making the order granting the prayer of the petition, the board must be taken to have decided that the company was such an one as was, under the statute, entitled

to aid; and if, in this respect, it has committed an error, the decision is, nevertheless, binding and conclusive, unless appealed from, and can not be attacked collaterally, as by injunction upon the collection of the tax. These principles are well established by the authorities above cited upon the point, and by numerous others. See *Snelson* v. *The State*, 16 Ind. 29; *Dequindre* v. *Williams*, 31 Ind. 444.

Nor is there any hardship in this view of the question, as the taxpayer who has an interest in the matter decided, and is aggrieved by the decision, may appeal therefrom, and thus contest the question as to the due organization of the corporation. 1 R. S. 1876, p. 357, sec. 31. See *Alexander* v. *The McCordsville, etc., Gravel Road Co.*, 44 Ind. 436, and cases there cited.

For these reasons we think the court below erred in granting a temporary injunction.

The order below granting the injunction is reversed, with costs, and the cause remanded, for further proceedings in accordance with this opinion.

## ON PETITION FOR A REHEARING.

HOWK, J.—The record of this cause, and the appellants' assignment of errors endorsed thereon, were filed in the office of the clerk of this court on the 16th day of May, 1878. On the 29th day of May, 1878, the call-day of the May term of this court, of that year, the parties appeared, and by agreement, in open court, submitted the case for decision. Briefs were filed by the appellants, in compliance with the rules of the court; and on the 12th day of March, 1880, the cause was distributed in its order for decision; and afterward, on the 18th day of October, 1880, the opinion and judgment of this court were pronounced and rendered, reversing the judgment of the circuit court.

It will be seen from the foregoing statement, that this action was pending in this court, on appeal, for two years

and five months before it was decided; during all which time the appellees and their counsel, with a full knowledge of the pendency of the appeal and of the character and importance of the questions involved, failed to furnish this court with any brief or argument in support of the decision of the circuit court. They failed even to inform us of the grounds on which the court had decided the case in their favor, and to furnish us with a citation of the authorities, if any, upon which the court had based its decision.

On the 16th day of December, 1880, fifty-nine days after the determination of this cause by this court, the appellees filed a petition for a rehearing, and for the first time they have furnished us with a brief, in which they have elaborately discussed certain matters and questions which they claim that this court overlooked in the opinion heretofore filed in this cause. They ask a rehearing, as we understand their petition, upon two grounds:

1. That they may move to dismiss the appeal for the reason that the appellants were not parties in interest, or parties properly or actually in the record; and,

2. That they may present certain matters and things which, they claim, were overlooked, and to obtain the decision of certain points which were not considered in the opinion of the court.

It seems to us, however, that the appellees can not be heard to ask a rehearing upon either of those grounds. It can hardly be expected, that this court would grant a rehearing for the purpose of enabling the appellees to move for the dismissal of the appeal. This court has often decided, that a rehearing would not be granted to enable parties to amend the record. *Warner* v. *Campbell*, 39 Ind. 409; *Cole* v. *Allen*, 51 Ind. 122. The reason for the rule is obvious, and it applies with equal force to the motion under consideration. The court can not grant a rehearing, to enable parties to make a motion, or application of any

kind, which ought to have been made and determined before the final decision of the cause. If rehearings were granted for such purposes, it would be difficult to arrive at the final decision of causes.

In regard to the second ground on which the appellees ask a rehearing of this case, this court has repeatedly decided, and we think correctly so, that parties can not, as a rule, be permitted to present a question for the first time on a petition for a rehearing. *Yater* v. *Mullen*, 24 Ind. 277; *Heavenridge* v. *Mondy*, 34 Ind. 28; *Brooks* v. *Harris*, 42 Ind. 177; *Graeter* v. *Williams*, 55 Ind. 461; and *Rikhoff* v. *Brown's, etc., S. M. Co.*, 68 Ind. 388. *A fortiori*, as it seems to us, it must be decided, that parties who fail to present any question for decision, or to file any brief or make any argument, on the original submission and hearing of the cause, can not be permitted to present questions for the first time, in this court, on a petition for a rehearing. Parties and attorneys, who have gained decisions in their favor in the trial court, ought not to compel this court to grope in the dark, as it were, for the grounds of those decisions and the authorities on which they rest, when, in most cases, they could so easily furnish us with the requisite information.

In the case at bar, we are content with the point in judgment, in the opinion pronounced by WORDEN, J., on behalf of this court. The judgment of the circuit court was thereby reversed, and the cause remanded for a further hearing; and upon such hearing the parties can, by amended pleadings and otherwise, get the decision of the court on the most, if not all, of the questions which the appellees have presented to this court, for the first time, in their petition for a rehearing.

The appellees' petition is overruled.

Original opinion filed at May term, 1880.

Opinion on petition for a rehearing filed at November term, 1880.