No. 9164.

## MUNCEY v. JOEST, TREASURER, ET AL.

DITCHES AND DRAINS.—*Notice.*—Under section 2 of the act of March 9th, 1875. p. 97, notice of the pendency of a petition to establish a ditch must be published for four consecutive weeks, and notice published for one day less than that time is irregular and voidable.

SAME.—*Finding of Commissioners.—Collateral Attack.*—Whether there was or was not sufficient notice, is a jurisdictional question to be determined by the commissioners, and their finding can not be collaterally attacked, unless the record affirmatively shows that no notice whatever was given.

SAME.—*Injunction.—Estoppel.*—One who stands by and sees the construction of a ditch without objecting, is estopped from afterward suing out an injunction on the ground that proper notice of the letting of the contract was not given.

SAME.—*Breach of Contract.*—The mere fact that a contract has not been performed according to its terms is not ground for an injunction.

SAME.—*Bond of Contractor.—Surety.*—An engineer of a ditch may become surety on the bond of the contractor, as such surety does not thereby become interested in the contract within the meaning of section 12 of the act, *supra.*

From the Posey Circuit Court.

*M. W. Pearse, E. M. Spencer* and *W. Loudon,* for appellant.

*A. P. Hovey* and *G. V. Menzies,* for appellees.

ELLIOTT, J.—The appellant was the plaintiff below, and by his complaint sought an injunction restraining the collection of a ditching assessment levied upon land of which he was the owner. A demurrer was sustained to the complaint, and final judgment entered against appellant, from which he prosecutes this appeal.

The complaint states as causes, upon which appellant grounds his right to an injunction, these four:

1st. That publication of notice of the pendency of the petition for the ditch was not made for four weeks, as required by statute.

2d. That appellant had no notice of the letting of the contract for the construction of the ditch; that the only notice of the letting of the contract was by posting up one notice at the court-house, and that the contract was let at a price fifty per cent. greater than the fair and reasonable value of such work.

3d. That the contractor to whom the work was awarded did not construct the ditch as laid out and established.

4th. That the engineer of the ditch was accepted as sure-ty upon the bond of the contractor.

Of these alleged causes in their order:

*First.* It affirmatively appears from the complaint that the notice was published for twenty-seven days, one day less than the time required by the statute. The act of 1875 requires that notice of the pendency of the petition shall be published for four consecutive weeks, and appellant is correct in his contention that the notice is defective, although lacking only one day of the prescribed time. It is undoubtedly true that, where the statute commands that notice shall be given for a definite time, a notice published for a shorter period is defective, although it fall very little short of the time designated. The difficulty in the case in hand is not in determining whether the notice was such as the statute requires, that is plain enough, but the difficulty is in determining whether the defect in the notice rendered the whole proceedings void. If they were void they are vulnerable upon a collateral attack; if not void, but merely irregular or erroneous, then they can not be overthrown by such an attack.

The difficult question is: Did the defect in the notice render the proceedings void? The board of commissioners had jurisdiction of the subject-matter, and there was some notice, but not such a notice as the statute requires. It is important to keep in mind the fact that there was some notice, although a defective one. It will not do to assume that there was no notice at all, for the reverse is true. It is also true that the commissioners had authority to determine whether they had acquired jurisdiction; this we think would be so independently of any express statutory provision, but there is here an express provision requiring the commissioners to determine all preliminary questions. Section 4 of the act provides that "Said board of commissioners, at the time set for the hearing of said petition, shall, if they find the provisions of the second section of this act to have

been complied with, proceed to hear said petition.'' The 2d section contains, among others, provision as to what notice shall be given, and the board must, therefore, in all cases, determine whether the requirement of the statute, concerning notice, had been complied with before entering upon the hearing of the petition. All questions respecting the sufficiency of the notice are thus expressly submitted to the judgment and decision of the board. Whether there was or was not notice, was, of course, a jurisdictional question, and this question having been considered and determined by the commissioners' court, that decision can not be subjected to review and overthrow by a collateral attack, such as the present. *The Board, etc.,* v. *Hall,* 70 Ind. 469 ; *Brocaw* v. *The Board, etc.,* 73 Ind. 543.

The complaint affirmatively shows that notice was published, but not for the full time required by statute. There was, therefore, a jurisdictional question presented for decision, and upon it a decision was made. There is a clear distinction between cases in which there is no notice whatever, and those in which there is merely a defective or irregular notice. The general rule upon this subject, deducible from the authorities, may be thus stated : If there is no notice whatever, and this affirmatively appears upon the face of the proceedings, the judgment will be void, and may be overthrown by a collateral attack. If a court, having jurisdiction of the subject-matter, and required to determine all jurisdictional questions, either expressly or impliedly, adjudges that notice was given, its decision will repel a collateral attack, unless the record of the court affirmatively shows that no notice was given ; and this is so although the record shows a defective and irregular notice. *Isaacs* v. *Price,* 2 Dillon C. C. 347 ; *Harrington* v. *Wofford,* 46 Miss. 31 ; *Ballinger* v. *Tarbell,* 16 Iowa, 491 ; *Cooper* v. *Sunderland,* 3 Iowa, 114 ; *Thompson* v. *Tolmie,* 2 Pet. 157. We are now speaking of adversary proceedings, and not of *ex parte*

proceedings, such as were those in the cases cited by the ap-
pellant, of *English* v. *Smock*, 34 Ind. 115, and *Green* v.
*Beeson*, 31 Ind. 7.  In the case under examination, adversary
proceedings are contemplated, and a right of appeal is given
to any person aggrieved by the proceedings of the com-
missioners.  *Houk* v. *Barthold*, 73 Ind. 21.

*Second.* The second cause upon which appellant bases
his right to an injunction would be a sufficient one if urged
by a person who had not estopped himself by his silence.
If the appellant had made the proper resistance to the pros-
ecution of the work, and made it without delay, he would
have been entitled to relief.  The statute does require that
public notice shall be given of the time appointed for receiv-
ing bids for the construction of ditches.  The evident inten-
tion of the statute is, that notice shall be given in such a
manner as that competitive bids may be invited and received.
The provision is necessary for the protection of those who
are compelled to bear the burden of the expense entailed
upon them by the construction of the ditch.  As the statute
is silent as to the manner in which notice shall be given, it
must be held that reasonable notice is required.  We think
that posting up one notice at the court-house was not suffi-
cient, but that notices should have been posted in the vicin-
ity of the ditch.  The provision of the statute as to the
posting of other notices indicates very clearly that the
Legislature intended that a reasonable number of notices
should be posted in the neighborhood through which the
ditch runs.  As the appellant made no objection until after
the work had been fully completed, he is not now in a
situation to complain of the insufficiency of the notice of the
letting of the contract.  Having received the full benefit of
the work done by the contractor, he can not now escape
payment upon the ground that proper notice of the letting
of the contract was not given.

It is a well settled rule of equity, that if a party is guilty

of laches or unreasonable delay in the enforcement of his rights, he thereby forfeits his claim to equitable relief. The rule is more especially applicable to cases where a party, being cognizant of his rights, does not take those steps to arrest them, which are open to him, but lies by and suffers other parties to incur expenses and enter into engagements and contracts of a burdensome character. This doctrine has been adopted and enforced by this court. *The City of Evansville* v. *Pfisterer*, 34 Ind. 36 ; *The City of Lafayette* v. *Fowler*, 34 Ind. 140 ; *Hellenkamp* v. *The City of Lafayette*, 30 Ind. 192. It has also been declared by many other courts. *Kellogg* v. *Ely*, 15 Ohio St. 64 ; *Jackson* v. *Detroit*, 10 Mich. 248 ; *City of New Haven* v. *Fair Haven, etc., R. R. Co.*, 38 Conn. 422 ; S. C., 9 Am. R. 399 ; *Wiggin* v. *Mayor, etc.*, 9 Paige Ch. 16 ; *Dows* v. *The City of Chicago*, 11 Wal. 118 ; *Rochdale Co.* v. *King*, 16 Beav. 630.

*Third.* The third cause relied upon by the appellant is not one entitling him to an injunction. As a general rule, the question, whether work has or has not been done in accordance with a contract, is not a proper question for trial in injunction proceedings in any case, and it certainly is not in this. By section 12 of the ditching law, the duty of determining whether the ditch has been constructed according to contract is expressly devolved upon the board of commissioners. It is well settled that, where a matter is submitted to an inferior tribunal for decision, courts can not, in actions for injunction, usurp the functions of such tribunal, nor can the judgment of such tribunal be collaterally impeached upon the sole ground that there was a failure in the performance of a contract.

*Fourth.* The remaining cause for injunction, appellant claims, is supported by the provision of the ditching law which reads as follows : ''No person, having an official duty to perform about said ditch, shall be interested directly or

indirectly in any contract for the construction of such proposed ditch or work. And any contract, in which any of said officers shall be interested, shall be deemed fraudulent and void."

This provision refers to the contract for the performance of the work of constructing the ditch, and not to collateral contracts, such as the bond in which the engineer became surety. The bond was merely a security for the performance of the contract, and was not a contract for the work. The only interest which the surety on the bond can have is, that the work shall be done in strict accordance with the terms of the contract, for if it is so done no liability accrues against him; whereas, if it is not properly done, he may be liable. The surety on the bond given to secure the faithful performance of the contract is not interested in the contract within the meaning of the statute.

Judgment affirmed, with costs.