Stout *v*. Woods.

———————◆———————

No. 7298.

STOUT *v*. WOODS.

BILL OF EXCEPTIONS.—*Supreme Court.—Evidence.—Practice.*—A bill of exceptions containing evidence must be definitely settled in the trial court. The Supreme Court can not undertake to determine from conflicting statements, which is the correct version of the testimony of witnesses.

SAME.—*Part of Evidence.—Point to Be Considered.*—Where a bill of exceptions does not contain the usual statement, "This was all the evidence given in the cause," but contains all relating to the point to be considered, the Supreme Court will examine the ruling admitting it.

JURISDICTION.—*Summons.—Collateral Attack.—Practice.*—A summons, containing the name and term of the court particularly designated, was sufficient to confer jurisdiction and to sustain a judgment against collateral attack, where the court had acquired jurisdiction of the subject-matter of the action, and the defendant had voluntarily acknowledged service of process.

SAME.—Where a court is required to, and does, determine a jurisdictional question, its decision can not be collaterally questioned.

SAME.—*Notice.*—Where there has been some notice, however defective, the court's decision that it was sufficient can not be collaterally impeached.

From the Wabash Circuit Court.

*M. H. Kidd*, for appellant.

ELLIOTT, C. J.—It is settled by many decisions, that, where a ruling upon a motion for a new trial can not be intelligently

understood or justly reviewed without an examination of all the evidence, it must all be brought into the record by a bill of exceptions, framed and authenticated as the law requires, or the appeal will be unavailing. *Johnson* v. *Wiley*, 74 Ind. 233; *Wells* v. *Wells*, 71 Ind. 509. The evidence is not all in the record before us. The statement of the judge, written in the bill, reads thus: "The foregoing, with accompanying objections, is presented to me by plaintiff's counsel as a bill of exceptions. The objections taken and above recited are properly made, and to that extent state the facts. If the foregoing so put together forms a bill of exceptions, I hereby sign it as such." The usual statement that "it contains all the evidence given in the cause," is not found in the bill.

Parties must settle their bills of exceptions in the trial court. The appellate court can not undertake to determine what is and what is not a correct statement of the evidence. In the bill under examination the testimony of two witnesses is given very differently; the appellant giving one version of their testimony and the appellee giving another.

Many of the questions discussed can not be properly understood without an examination of the entire evidence, and, as all of the evidence is not in the record, we can give them no consideration.

There are cases where a ruling upon the admission of evidence may be fully understood without an examination of the entire evidence. In cases where the record fully and clearly shows the character of the evidence admitted and fully discloses all the facts and circumstances bearing upon the point to which the evidence is directed, the ruling admitting it may be properly examined. *Johnson* v. *Wiley, supra*. There is in the present case one question which the record does fully present; the presence of the entire evidence would not exhibit it more clearly, nor afford a more intelligent apprehension of its character. In order to fully understand this question it is necessary to make a brief reference to the facts of the case.

Appellant claimed the personal property which is the subject

of litigation by virtue of a writ of attachment issued against one Elias Bausman. Appellee claimed it under a decree foreclosing a chattel mortgage executed to him by Bausman at a date prior to the issuing of the appellant's attachment. On the trial the appellee offered in evidence the record of the action instituted by him for the foreclosure of the chattel mortgage. The record showed the issuing of summons and a proper acknowledgment of service by Bausman, the defendant in the action. Omitting all merely formal facts, the summons runs thus: "You are hereby commanded to summons Elias Bausman to appear in the circuit court of Wabash county before the judge thereof, on the — day of ——, 1878, the — day of the — term, to be held in the court-house in Wabash on the fourth Monday of February, 1878." The position of appellant is, that, as the summons is blank as to the time at which Bausman was required to appear, it is so radically defective as to be insufficient to confer jurisdiction. This position is untenable. The circuit court had jurisdiction of the subject-matter of the action, and the defendant had voluntarily acknowledged service of process. The defect in the summons ought not, in such a case, to be allowed to overturn the judgment. The court was named and the term particularly designated. There was enough to confer jurisdiction and to sustain the judgment against a collateral attack.

The court was required to decide upon the sufficiency of the summons, and, as this was a decision upon a jurisdictional question, it is firmly settled that where a court is required to, and does, determine a jurisdictional question, its decision can not be collaterally questioned. There is a plain and well marked distinction between cases where there is some notice, however defective, and cases where there is no notice at all. Where there is some notice then, no matter how irregular it may be, and however much the court may have erred in deciding it to be sufficient, the judgment can not be collaterally impeached. *Muncey* v. *Joest*, 74 Ind. 409.

Judgment affirmed.