No. 9397.

SCHMIDT ET AL. *v.* WRIGHT ET AL.

SUPREME COURT.—*Brief.*—*Appearance.*—*Notice of Appeal.*—*Dismissal.*—The filing of a general brief in the Supreme Court is an appearance, after which a motion to dismiss the appeal, for want of notice of the appeal, comes too late.

HIGHWAY.—*Petition.*—*Names of Owners of Land.*—*Notice.*—*Injunction.*—In a suit to enjoin the opening of a highway, it appeared that a member of the county board posted notices of the petition for the highway, but not that he acted in the matter as a member of the board; also, that the plaintiff, by her name, at the time the notices were posted, was mentioned in the petition as an owner of lands to be affected, but her name was changed by marriage before the petition was presented; that another land-owner was erroneously named.

*Held*, that none of these facts justified a collateral attack on the validity of the order establishing the highway.

From the Superior Court of Marion County.

*H. W. Harrington* and *A. G. Howe*, for appellants.

*J. Hanna, F. Knefler* and *J. S. Berryhill*, for appellees.

Schmidt *et al. v.* Wright *et al.*

FRANKLIN, C.—This was an application by appellants against appellees for an injunction against the opening of a certain public highway. Appellees answered by a general denial. There was a trial by the court, and, at the request of the plaintiffs, the court stated the facts and its conclusions of law thereon. The plaintiffs excepted to the conclusions of law, and appealed to the general term of the court, assigning as errors that the court in special term erred in its conclusions of law on the special facts stated, and erred in dismissing the complaint herein. The court in general term affirmed the judgment in special term, and the plaintiffs appealed the case to this court, assigning as errors that the court in general term erred in affirming the judgment of the special term, and in affirming the judgment and findings of the court in special term.

The record and assignment of errors were filed in this court. April 23d, 1881. The case was submitted by appellant May 25th, 1881. Appellants' brief was filed June 3d, 1881. Appellees' brief was filed January 27th, 1882.

On the 22d of March, 1883, appellees filed a special appearance, and moved to dismiss the appeal for the want of any notice of the appeal having been served upon the appellees. This motion is based upon the fact that the appeal was taken at the time of the rendition of the judgment, and fifteen days, at that time, were given in which to file an appeal bond; but the bond was not filed within the fifteen days. Appellees were, therefore, entitled to notice of the appeal. Although the bond was not filed within the fifteen days, yet, within that time, and during the same term of the court, the time within which to file a bond was extended ten days longer, and the bond was filed within that time.

We think that the time within which to file an appeal bond may be given at any time during the term of the trial, and during that term may be extended. See *Pitzer* v. *Indianapolis, etc., R. W. Co.*, 80 Ind. 569. Whether this be so or not, appellees' motion came too late to prevail. By unconditionally filing their brief on the 27th day of January, 1882,

they entered a general appearance and waived all objections on account of notice. , They can not subsequently, after more than a year had elapsed since the entering of a general appearance, be permitted to enter a special appearance, and object on account of want of notice of the appeal. The motion to dismiss the appeal is overruled.

The special findings of the court are as follows:

"On March 13th, 1875, one John Becker died seized of certain real estate, which is more particularly described in the complaint herein, situate in Wayne township, Marion county, Indiana, leaving surviving him his widow, Margaret Becker, one of the plaintiffs herein, who was afterwards, to wit, in March, 1877, married to the other defendant herein, Joseph Schmidt, and the following named children, viz.: Katharine, Elizabeth, Maggie, John, Jacob, Mary, Emma, Charles and Delia. Said John Becker died testate, and by his last will devised his real estate hereinbefore described to the plaintiff Margaret Schmidt, who has ever since remained the owner thereof.

"On June 16th, 1876, David J. Robinson and twelve others, twelve of whom were freeholders of said Marion county, Indiana, and six of whom resided in the immediate neighborhood of the proposed highway hereinafter mentioned, presented to the board of commissioners of said county a petition for the location of a public highway therein described, a copy of which said petition is incorporated in the plaintiffs' complaint herein, marked ' Exhibit A.'

"Notices of said petition, exactly like the copy which is inserted in the plaintiffs' said complaint, marked 'Exhibit B," were duly posted up in three (3) of the most public places in the neighborhood of such proposed highway for more than twenty (20) days before the meeting of the said board, which said petition was presented to said board, but the plaintiff Margaret Schmidt had no actual knowledge of said notices, or of the pendency of the said petition, until after the order made by said board for the opening of said highway; nor were notices posted or given other than as above mentioned.

" Proof of the posting of said notices was made to said board by the affidavit of one Alexander Jameson, who had posted the same, and who was then and there one of the said county commissioners and a member of the said board.    Thereupon three persons were appointed by said board to view such proposed highway, who, after having been duly notified, as by statute provided, proceeded to view the said proposed highway, and, deeming the same to be of public utility, laid out the same on the line proposed in said petition, and so reported to said board, at the next ensuing session thereof.    No objection having been made to such proposed highway, said board caused a record thereof to be made, and ordered the same to be opened and kept in repair, a copy of which order was duly transmitted to the defendant Jesse Wright, who was then, and until after the commencement of this action continued to be, the trustee duly elected and qualified of said Wayne township ; and who, at the time of the commencement of this action was about to cause said proposed highway to be opened and worked in the manner provided by statute.    True copies of all the proceedings of said board and of the report of said viewers are set forth in the plaintiffs' complaint herein.

"At the time of the presenting of the said petition there was not, nor has there at any time since been, any railroad known as the ' Indianapolis and Vandalia railroad,' but there was and still is a railroad known as the ' Terre Haute and Indianapolis railroad,' over the lands of which the line of said proposed highway runs.

"The defendant John W. Julian has no interest in this action other than this, viz., that at the time of the commencement of this action he was the supervisor of the road district through which the proposed highway runs, and was about to open the same pursuant to directions from the said Wright, trustee as aforesaid.

"The line of said proposed highway runs through Margaret Schmidt's (the said plaintiff's) premises, which have been fenced and cultivated for more than ten (10) years last past ; and the

opening of said proposed highway through said premises will cause the said plaintiff irreparable damages.

" Upon the foregoing facts the court finds the following conclusion of law : That the foregoing facts are not sufficient to constitute any cause of action in favor of the plaintiffs and against the defendants, or either of them."

Under the exceptions to this conclusion of law appellants' counsel have presented various objections to the sufficiency of the petition and the proceedings before the board of commissioners, but we do not think it necessary to discuss such questions as do not arise upon the facts found and stated by the court.

The court found as a fact that the notices were posted and proof thereof made by a member of the board of commissioners, and this fact is insisted upon as rendering the proceedings of the board void. The facts found by the court do not state that the commissioner Jameson, who posted the notices, had any interest in the matters in controversy, or that he in any way participated in the proceedings of the board upon the petition. A majority of the board had a right to act in the premises without Jameson, and, nothing being shown to the contrary, the presumption is that the board legally acted, and there is nothing stated in the findings tending to show that the proceedings before the board on that account were void.

The next question presented is that Margaret Schmidt, one of the appellants, was not alleged in the petition to be one of the owners of the land through which the proposed road would run ; that she had no notice of the pendency of the petition ; that the board had no jurisdiction as to her, and the proceedings, as to her, were void.

The court found that she had no actual notice of the pendency of. the petition, but that she was embraced in the general notice as one of the land-owners through whose land the road was to run, under the name of Margaret Becker ; that she afterwards intermarried with appellant Joseph Schmidt. This change in her name did not require a new or an addi-

tional notice to her in order to give the board jurisdiction as
to her.    The court had the necessary jurisdiction.

The court further found that the name of one of the land-
owners through whose land the proposed road was to run was
stated to be the "Indianapolis and Vandalia Railroad Com-
pany" instead of the "Terre Haute and Indianapolis Rail-
road Company."

It is a fact of public notoriety that the Terre Haute and
Indianapolis Railroad Company has for several years consti-
tuted a part of, and has been operating what is known, as the
Vandalia Line, and to call it the Indianapolis and Vandalia
Railroad Company is such a variance as is not calculated to
deceive or in any way mislead appellants.    We can not see
how it could in any way have injured appellants, and as to
them the variance in name is immaterial.

No motion was made for a new trial, and the evidence is
not in the record.    It is therefore to be presumed that the
court in its conclusions of law did right in treating the va-
riance as immaterial.    In support of the last objection we have
been referred to the cases of *Hays* v. *Campbell,* 17 Ind. 430;
and *Hughes* v. *Sellers,* 34 Ind. 337.    In the first one of these
cases the petition did not profess to give any of the names of
the land-owners through whose land the road would run; and
in the second case the petition did not profess to give all their
names; it merely described some of them as heirs of certain
persons.    We do not think that these cases are applicable to
the one under consideration; they were cases that were de-
cided on appeal, and not upon a collateral attack by way of
injunction.

In the case of *Wild* v. *Deig,* 43 Ind. 455 (13 Am. R. 399),
which was for an injunction, where the petition did not give
all the names of the land-owners, the court held as follows:
"We hold that the proceedings are valid, when they are
attacked as in this case, and when the name of the person
making the attack is mentioned in the petition.    We do not
hold that the petition would be good on an appeal from the

action of the board of commissioners, nor that the proceedings would be valid against an owner not named in the petition."

In the case of *Porter* v. *Stout*, 73 Ind. 3, the case of *Wild* v. *Deig, supra,* was approved; and it was further held that where the appellant was the owner of the land and not named in the petition, the occupant being named, that was sufficient against a collateral attack by way of an injunction.

We have thus disposed of all the questions which we think have been properly presented, and arising out of the exceptions to the conclusions of law upon the facts stated, and we conclude that the court in general term did not err in affirming the judgment of the court in special term.

The judgment of the court in general term ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court in general term be and it is in all things affirmed, with costs.