No. 9424.

SIMONTON v. HAYS ET AL.

DRAINAGE.—*Action to Set Aside Sale of Land by Auditor for Assessment.— County Commissioners:—Jurisdiction.—Collateral Attack.*—A suit to set aside a sale of lands by the auditor, for non-payment of a charge for drainage under the act of 1875 (1 R. S. 1876, p. 428), on the ground that the contractor had not performed his work, or that the drain was not of public benefit or utility, or conducive to the public health, can not be maintained. Such questions are not open to enquiry in that manner, where the ditch has been established by the tribunal having jurisdiction, and the work accepted by the officer charged with power to do so.

From the Blackford Circuit Court.

*W. A. Bonham,* for appellant.

BLACK, C.—The appellees, Mary J. Hays and John J. Hays, her husband, sued the appellant, the complaint being in two paragraphs. The appellant demurred to each paragraph for want of sufficient facts. The demurrers were overruled. Appellant answered by a general denial ; the cause was tried by the court, and the finding was for the appellees. A motion for a new trial filed by the appellant was overruled, and judgment was rendered as prayed in each paragraph of the complaint.

It was sought in each of said paragraphs to set aside as void

a sale to the appellant, by the treasurer of Blackford county, of certain land owned by the appellee Mary, in said county, being a sale for delinquent taxes on account of the making of a certain ditch.

It may be gathered from the complaint that the ditch was made under and in pursuance of the provisions of the act of March 9th, 1875 (Acts 1875, p. 97; 1 R. S. 1876, p. 428). Section 4 of said act provided that the board of commissioners, at the time set for hearing the petition for the establishment of the ditch, if they found that the provisions of section 4 had been complied with, should proceed to hear the petition, "and if they find such proposed work to be necessary and conducive to public health, convenience or welfare, or of public benefit or utility, they shall establish the same as specified by the report of the viewers."

The act provided that the viewers should apportion to the parcels of land shares of the work, in proportion to the benefits to be derived from the work, and that the viewers or reviewers should specify the time and manner in which the labor should be performed.

Section 12 contained the following: "If any of the persons interested in the opening or construction of said proposed ditch or work, shall fail to procure the excavation or construction thereof, or that portion set off and apportioned to them, respectively, by the viewers or reviewers, in the manner and time specified, it shall be the duty of the auditor of said county to let said work at public sale to the lowest and best responsible bidder, and take a bond payable to the person or persons, for whom said work is let, with good and sufficient sureties for the faithful performance of the same within a specified time; and on completion of the work thus let, and acceptance by the board of commissioners, if in session, or by the auditor in vacation, the auditor shall issue a certificate to the persons doing said work, for the sum due them, and shall enter the amount of said certificate upon the tax duplicate of the county against the tract or lot benefited by the opening or

construction of that portion of said work, together with the legal interest, and the amount so entered shall be collected by the treasurer of said county as other taxes, and paid by him to the person holding said certificate."

In the first paragraph of the complaint no objection was made to the contract for the performance of the work, or to any part of the proceedings which resulted in the making of the contract. It was alleged generally that the work was never completed, and that it was never accepted by the commissioners or by the auditor. But by the specific allegations of fact it was shown in this paragraph that the work was performed, though imperfectly, and that it was accepted by the auditor, it not being shown that he at the time had not authority to accept it. The ground upon which it was claimed in the first paragraph that the sale was void was that the contractor did not properly perform the work, and that the drain, notwithstanding the fact that it was imperfectly made, was accepted as complete, there being no suggestion of want of regularity thereafter in the steps leading to the sale of the land.

In the second paragraph the only ground upon which the sale was alleged to be void was that the ditch was not of public benefit or utility, or conducive to the public health, and that the commissioners never found that it was or would be conducive to public health or of public utility or benefit. It is a settled doctrine, often announced by this court, that the decision of an inferior tribunal upon a matter in which it has jurisdiction can not be assailed collaterally for errors or irregularities, but is as conclusive as the judgment of a court of general jurisdiction, the same presumptions being indulged in favor of regularity in the one case as in the other. *Stoddard* v. *Johnson*, 75 Ind. 20, 30; *Featherston* v. *Small*, 77 Ind. 143; *Coolman* v. *Fleming*, 82 Ind. 117.

This is not a suit by one relying upon the action of an inferior tribunal, but is an attack upon such action. It must be assumed that the board of commissioners acquired juris-

diction in the proceeding for the establishment of the drain; the contrary is not shown or claimed. It must be presumed, then, that before establishing the proposed work the board found it to be "necessary and conducive to public health, convenience or welfare, or of public benefit or utility," and in a collateral action, such as this, it can not be questioned either that the work was such, or that the commissioners found it to be such. Having jurisdiction, it was implied in the establishing of the proposed work that they had so found, and it was not needed that their record should show affirmatively that they so found. *Argo* v. *Barthand,* 80 Ind. 63, 66.

So, the power to decide when the work was completed and to accept it was given by the statute to the commissioners or the auditor, the means of arriving at the conclusion not being prescribed. Here it was shown by the first paragraph of the complaint that the auditor relied upon the certificate of the engineer of the work in question.

The auditor had authority to act; his action was not void. In consequence of the acknowledged failure of the land-owner to perform the work apportioned to her land, it was let to a contractor by the officer authorized to do so. The proper officer accepted the work as complete, issued a certificate for the amount stipulated in the contract, and placed that amount against the land chargeable therewith on the tax duplicate, and the amount was collected as taxes are collected, by the sale of the land.

It is not necessary here to decide as to the extent of the rights of the purchaser at the tax sale. He is not asking affirmative relief under that sale. But the land-owner, without showing that she has paid anything for the work done on her land, or offering to pay anything, or showing that the land was sold without authority, seeks in a collateral way, by a suit in equity, to question the decision of a competent authority, on the ground that the work was not done according to the contract. That this question can not be collaterally raised was decided in *Muncey* v. *Joest,* 74 Ind. 409, 414.

We think that neither paragraph of the complaint was sufficient.

The motion for a new trial assigned as causes that the finding was contrary to law, and that it was not sustained by the evidence. If we had found the complaint good we could not have passed upon the causes stated in this motion ; for, while there is in the record a bill of exceptions containing evidence, it is not stated therein, in any form, that it was all the evidence given in the cause.

The judgment should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be reversed, at the costs of the appellees, and the cause is remanded, with instructions to sustain the demurrer to each paragraph of the complaint.