Town of Cicero *et al. v.* Williamson *et al.*

No. 10,126.

TOWN OF CICERO ET AL. *v.* WILLIAMSON. ET AL.

TOWN.—*Annexation of Territory.*—*Order of County Commissioners.*—*Jurisdiction.*—*Collateral Attack.*—The proceedings of the board of county commissioners annexing territory to an incorporated town, if jurisdiction was acquired, can not be questioned collaterally.

SAME.—*Petition.*—When the petition contains enough to show that the subject-matter is within the jurisdiction, its sufficiency in other respects can not be questioned collaterally, nor can the formality of the proceedings of the trustees of the town.

SAME.—*Names of Owners.*—The failure of the petition to name the owners of the lands sought to be annexed will not warrant a collateral attack upon the action of the county commissioners.

SAME.—*Notice.*—The service of personal notice upon known residents of the county whose lands it is sought to annex *is, as to them, necessary* to give jurisdiction, and a failure to do so renders the proceeding void upon collateral attack. R. S. 1881, section 3389.

SAME.—*Taxes.*—*Injunction.*—*Parties.*—*Joint Complaint.*—*Judgment.*—Where several owners of lands unite in a complaint to enjoin an incorporated town from collecting taxes upon their lands, upon the ground that no notice at all had been given, there can be no separate decree in favor of one of the plaintiffs.

INJUNCTION.—An injunction will not be granted to restrain the enforcement of a decision of a judicial tribunal of competent jurisdiction upon questions of fact.

SAME.—*Question of Fact.*—Whether territory is or is not contiguous to corporate limits, is a question of fact for the decision of the board of commissioners.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellants.

*F. M. Trissal,* for appellees.

ELLIOTT, J.—The appellees sought and obtained an injunction prohibiting the town of Cicero from collecting taxes upon real estate owned by the appellees. The ground upon which this relief was awarded was that the land upon which the taxes were assessed had not been annexed to the town.

It is now settled law, that proceedings to annex contiguous territory to incorporated towns or cities can not be set aside upon the ground that the proceedings of the board of com-

missioners were erroneous, except in cases where there is a direct appeal from the judgment of the board. The question as to the regularity of the proceedings may not be litigated in a collateral attack, although the enquiry as to whether there was, or was not, jurisdiction may be. *Grusenmeyer* v. *City of Logansport,* 76 Ind. 549; *Bryan* v. *Moore,* 81 Ind. 9, auth. p. 13; *Board, etc.,* v. *Pressley,* 81 Ind. 361; *Caskey* v. *City of Greensburgh,* 78 Ind. 233; *Ricketts* v. *Spraker,* 77 Ind. 371; *Houk* v. *Barthold,* 73 Ind. 21. The only question that we can consider is whether the board of commissioners had jurisdiction to make the order annexing to the town of Cicero the territory described in the pleadings. If there was no jurisdiction, the appeal must fail; if there was, it must be sustained.

Whether the land annexed by order of the board was, or was not, contiguous to the corporate limits, was a question of fact for the decision of the board of commissioners. *Grusenmeyer* v. *City of Logansport, supra; City of Indianapolis* v. *McAvoy,* 86 Ind. 587. Whether a particular parcel or parcels of land immediately adjoin the limits of a town or city, can only be determined from the evidence in the particular case, and is, therefore, a question of fact.

Injunctions never lie to restrain the enforcement of the decision of a judicial tribunal of competent jurisdiction upon questions of fact.

Where a petition is presented to a board of commissioners, sufficient in form and substance to invoke its jurisdiction in a matter where it has general jurisdiction of the subject-matter, its judgment declaring the petition sufficient can not be collaterally attacked, although the petition may have been bad. *Mullikin* v. *City of Bloomington,* 72 Ind. 161; *Stoddard* v. *Johnson,* 75 Ind. 20; *Muncey* v. *Joest,* 74 Ind. 409; *Argo* v. *Barthand,* 80 Ind. 63; *Coolman* v. *Fleming,* 82 Ind. 117.

The failure of petitioners, invoking the assistance of an inferior judicial tribunal, to aver in their petitions all such facts as the statute declares such a petition shall contain, does not invalidate the proceedings where there are allegations

sufficient to show that the tribunal has a general jurisdiction over the subject-matter. *Coolman* v. *Fleming, supra; Corey* v. *Swagger,* 74 Ind. 211. If the petition shows a case falling within the general subject-matter over which the tribunal has jurisdiction, then the judgment of that tribunal, asserting jurisdiction in the particular case, will be respected as against all collateral attacks, no matter how defective or imperfect the petition may be.

Where a petition, authenticated by the signatures of the town officers, and professing to be the petition of the town is filed with the board of commissioners, is adjudged sufficient,. and judgment is entered annexing the contiguous territory,. it will conclude taxpayers from raising, in a collateral attack, any questions as to the formality of the proceedings by the town trustees. Such questions are necessarily decided by the board of commissioners, and are, therefore, so conclusively adjudicated as not to be brought into consideration by a collateral attack. *Catterlin* v. *City of Frankfort,* 87 Ind. 45.

It is settled by a long line of decisions that the failure to name the land-owners affected by proceedings, such as these,. can not be made the basis of a successful attack, except, perhaps, in cases of appeal. *Little* v. *Thompson,* 24 Ind. 146 ; *Hedrick* v. *Hedrick,* 55 Ind. 78 ; *Wild* v. *Deig,* 43 Ind. 455. (13 Am. R. 399); *Miller* v. *Porter,* 71 Ind. 521 ; *Porter* v. *Stout,* 73 Ind. 3 ; *Featherston* v. *Small,* 77 Ind. 143 ; *Heagy* v.. *Black,* 90 Ind. 534.

Where notice is required before an inferior tribunal can act, and it does act, it is not essential that its record should show that it expressly adjudged the notice sufficient. The action does this by implication and is enough to express the decision. *Board, etc.,* v. *Hall,* 70 Ind. 469.

The notice, as the complaint shows, was published five weeks successively ; the first publication was on the 5th day of May, 1871, and the last on the 2d day of June following, and on the 5th day of that month the board of commissioners having, as it is shown, examined the petition and accompa-

nying plat, directed that the territory be annexed as prayed. We think the notice was sufficient, so far as publication is concerned, for five weeks had elapsed from the time of the first publication to the rendition of the judgment. *Catterlin* v. *City of Frankfort, supra.* The statute, however, provides that copies of the notice shall be served upon persons who are residents of the county (R. S. 1881, sec. 3389), and the complaint avers that notice was only given by publication, and it is also alleged that the plaintiffs were residents of the county, and so known to the town officers. In our opinion these plaintiffs were entitled to notice as provided in the statute, and as the proceedings affected them personally, and as they had private rights affecting individual property, separate and distinct from their interests in common with other citizens and taxpayers, the proceedings, so far as they affected their individual interests, were unauthorized and invalid. There is a plain distinction between proceedings affecting persons in common with other citizens, and proceedings which directly affect their private rights as owners of property, and in the latter case, where the law provides that they shall have notice, they are entitled to it, and if none is served upon them there is no jurisdiction over the person. In the present instance, the board of commissioners, according to the allegations of the complaint, did not have jurisdiction of the person of these appellees, who were then resident citizens, and known to the appellant to be such, and the judgment was, according to the statements of the complaint, without validity. *Cavanaugh* v. *Smith,* 84 Ind. 380; *Packard* v. *Mendenhall,* 42 Ind. 598; *Horner* v. *Doe,* 1 Ind. 130; *Mitchell* v. *Gray,* 18 Ind. 123; *Willman* v. *Willman,* 57 Ind. 500. It would be strange indeed, if a resident of the State, entitled to notice by express provision of law, should be concluded in cases where no notice at all was given him. If this were so, then a man might lose important rights without having had his day in court, and this is contrary to fundamental principles.

This is not a case, taking the averments of the complaint as true, where there was some notice, although irregular and defective, and it is not within the cases which hold that where there is a notice, although defective, the judgment is not void. *Muncey* v. *Joest*, 74 Ind. 409 ; *Hume* v. *Conduitt*, 76 Ind. 598 ; *McAlpine* v. *Sweetser*, 76 Ind. 78 ; *Stout* v. *Woods*, 79 Ind. 108 ; *Oppenheim* v. *Pittsburgh, etc., R. W. Co.*, 85 Ind. 471 ; *Cavanaugh* v. *Smith, supra; Kyle* v. *Kyle*, 55 Ind. 387 ; *Hawkins* v. *Hawkins*, 28 Ind. 66 ; *McCormack* v. *First National Bank*, 53 Ind. 466. The case as made by the complaint falls within the rule that a judgment void for want of jurisdiction of the person may be collaterally attacked.

We say that there was no notice to known resident property owners because the publication is notice only to unknown or non-resident owners. It does not, as is plainly evident from a reading of the statute, operate upon residents who are known to the town authorities. The complaint must be held good for the reason that it affirmatively shows that there was no jurisdiction of the person, and that there was nothing in the commissioners' record concluding the appellees from asserting that there was no such notice.

The evidence, however, shows that notice was served. It is true that it appears that the original notices were lost, but this does not change the rule. The appellees have so long slept upon their rights that their claim should be viewed with disfavor, and no very high degree of evidence should be required to bind them by the judgment in which they have so long acquiesced. It is perhaps doubtful, whether notice was served on one of the appellees, but as she unites in this action, and as her interest can not be severed, her case must fall with those with whom she has inseparably blended her interests.

We do not find it necessary to decide whether the long and unexplained delay does or does not preclude a successful attack upon the proceedings. It may well be that the appellees should be held to have lost their rights upon this ground,

VOL. 91.—35

but as the question has not been discussed by counsel we give no opinion upon it. We refer, however, to the case of *Earle* v. *Earle*, *ante*, p. 27.

Judgment reversed.

Filed Nov. 27, 1883.