Cauldwell *et al. v.* Curry, Treasurer, *et al.*

No. 10,730.

## CAULDWELL ET AL. *v.* CURRY, TREASURER, ET AL.

DRAINAGE. — *Irregularities.* —*Injunction.*—*Complaint.* — *County Commissioners.* —*Jurisdiction.*—*Collateral Attack.*—A complaint to enjoin the collection of an assessment for drainage alleged that a petition for the construction of the drain was filed before the board of county commissioners, and that afterwards, in the course of proceedings which resulted in an order establishing the work and directing its construction, numerous flagrant irregularities occurred, which were specified.

*Held,* that the filing of the petition invoked the jurisdiction of the board, and that no subsequent error or irregularity in the proceedings would justify a collateral attack upon the validity of the final order.

*Held,* also, that the complaint was bad on demurrer.

From the Hancock Circuit Court.

*J. A. New, J. W. Jones* and *L. W. Gooding,* for appellants.
*C. G. Offutt, R. A. Black* and *W. R. Hough,* for appellees.

ELLIOTT, J.—The appellants' complaint is for an injunction restraining the collection of a ditch assessment, and contains the following material allegations : That a petition was filed for the construction of a ditch; that William New, Jacob Slifer and James King were appointed viewers; that they were not disinterested freeholders of Hancock county, and that King never owned real estate in that county ; that Slifer was a member of the board of commissioners of the county at the time he was appointed a viewer; that the board did not make an order finding that the viewers were householders or freeholders; that Brokaw, one of the commissioners, was the owner of lands affected by the ditch; that he was the only surety on the bond accompanying the petition; that, in addition to an assessment for the cost of constructing the ditch, each of the plaintiffs were assessed large sums for incidental expenses; that the ditch was not completed at the time fixed by the commissioners; that the plaintiffs were personally present and objected to the award of the contract for the construction of the ditch; that all of the lands were not viewed; that the viewers did not make a computation of the

number of cubic yards of earth to be removed, nor apportion the amount of benefits to be derived from the ditch, nor make an estimate of the cost thereof; that no assessment of benefits to any tract of land was made; that after the filing of the first report the viewers filed an additional one correcting errors in the first, and that the duplicate is in the hands the treasurer, who threatens to collect the assessment.

The filing of the proper petition invokes the jurisdiction of the board of commissioners in the matter of the particular ditch therein described, and the statute invests the board with general jurisdiction of the subject-matter of ditches. *Muncey* v. *Joest,* 74 Ind. 409; *Coolman* v. *Fleming,* 82 Ind. 117; *Stoddard* v. *Johnson,* 75 Ind. 20; *Featherston* v. *Small,* 77 Ind. 143; *Simonton* v. *Hays,* 88 Ind. 70; *Town of Cicero* v. *Williamson,* 91 Ind. 541.

There is a right of appeal in proceedings for the establishment and construction of ditches. *Bryan* v. *Moore,* 81 Ind. 9; *Corey* v. *Swagger,* 74 Ind. 211; *Meehan* v. *Wiles, ante,* p. 52.

Where there is jurisdiction the proceedings of the court of county commissioners can not be collaterally attacked. *Board, etc.,* v. *Hall,* 70 Ind. 469; *Hume* v. *Little Flat Rock Draining Association,* 72 Ind. 499; *Brocaw* v. *Board, etc.,* 73 Ind. 543; *Reynolds* v. *Faris,* 80 Ind. 14; *Marshall* v. *Gill,* 77 Ind. 402.

Where there is an adequate remedy secured by the right of appeal, injunction will not lie. *Caskey* v. *City of Greensburgh,* 78 Ind. 233; *Sims* v. *City of Frankfort,* 79 Ind. 446; *Hume* v. *Little Flat Rock Draining Association, supra; Houk* v. *Barthold,* 73 Ind. 21; *City of Madison* v. *Smith,* 83 Ind. 502.

Mere errors or irregularities in the proceedings of the board of commissioners after jurisdiction has been acquired must be made available by appeal. *Catterlin* v. *City of Frankfort,* 87 Ind. 45; *Schmidt* v. *Wright,* 88 Ind. 56; *Ricketts* v. *Spraker,* 77 Ind. 371.

Whether viewers are or are not properly qualified to act is not a jurisdictional question, but merely affects the regularity

of the proceedings. *Grimwood* v. *Macke,* 79 Ind. 100; *Featherston* v. *Small, supra.*

Where some part of a tax or assessment is due, no suit for injunction can be maintained without a tender of that part which is due. *Muncey* v. *Joest, supra; Stilz* v. *City of Indianapolis,* 81 Ind. 582; *Simonton* v. *Hays, supra.*

The irregularity in accepting the bond with one of the commissioners as surety does not constitute ground for relief, for the reason that the complaint does not show that any injury resulted to the appellants. *Dewey* v. *State, ex rel.,* 91 Ind. 173; *Crumley* v. *Hickman,* 92 Ind. 388.

The fact that a contract for the construction of a ditch is not performed within the time limited by the order of the board of commissioners is not, of itself, sufficient to entitle a land-owner to an injunction. It must be made to appear that the failure did the owner substantial injury.

Two members of the board of commissioners constitute a quorum, and the fact that one of the three was interested does not oust the jurisdiction of that tribunal. *Catterlin* v. *City of Frankfort, supra.* What the effect would be if it were shown that one of the three was interested, and that there was fraud, or that there was substantial injury to the rights of the complaining party, is a question not involved here and not decided.

The presumption is in favor of the legality and regularity of the proceedings of the board of commissioners, and in the absence of averments showing that they acted in bad faith, or that their conduct was such as to injure appellants, that presumption operates in favor of the proceedings of that tribunal. *Dewey* v. *State, ex rel., supra.*

It is not necessary to enter a special order finding any fact involved in the general order directing the construction of the ditch or the levying of a tax for a railroad or other public work; the general order is sufficient. *Board, etc ,* v. *Hall, supra; Argo* v. *Barthand,* 80 Ind. 63; *Simonton* v. *Hays, supra; Town of Cicero* v. *Williamson, supra.*

Where a court of limited jurisdiction has jurisdiction of the subject-matter and of the person, the same presumptions as to the regularity of its proceedings apply as in courts of general jurisdiction. *Crossley* v. *O'Brien*, 24 Ind. 325; *Miller* v. *Porter*, 71 Ind. 521, *vide* authorities p. 525; *Board, etc.,* v. *Markle*, 46 Ind. 96.

The propositions we have stated, and the cases to which we have referred, very clearly sustain the ruling of the trial court adjudging the complaint bad.

Judgment affirmed.

Filed Jan. 30, 1884.