Jones *et al. v.* Cardwell *et al.*

No. 11,725.

## JONES ET AL. *v.* CARDWELL ET AL.

DRAINAGE.—*Action to Enjoin Collection of Assessment.—Parties.*—Two persons owning separate tracts of land assessed for drainage can not prosecute a a joint action to enjoin the collection of the assessments against their lands.

From the Tipton Circuit Court.

*J. C. Blacklidge* and *W. E. Blacklidge,* for appellants.

*G. H. Gifford, R. B. Beauchamp, D. Waugh* and *J. P. Kemp,* for appellees.

ELLIOTT, C. J.—The complaint alleges that appellant Matthew M. Jones is the owner of the northeast quarter of section 34, township 22 north, of range 3 east, and that the appellant Morton Jones is the owner of the southeast quarter of that section ; that in 1880 a petition was filed for the establishment of a ditch, and viewers appointed, who, in January, 1881, reported in favor of the ditch, and an order was made approving the report; that the report of the viewers contained, among others, the following provision : " We have set apart to the following parcel of land, to wit, the northwest quarter of section 34, township 22 north, of range 3 east, owned by Matthew M. Jones, and the southeast quarter of the above named section, the first named piece of land being assessed $60, and the second being assessed $133, all of said land being owned by Matthew M. Jones." It is also alleged that the plaintiffs were not named nor the land described in either of said reports, or in any of the records of said board, except as shown in the report of the viewers,

and that the assessment is void because it is laid against the whole of the land, and not against the parts owned by the plaintiffs severally. It is further alleged that Matthew M. Jones owns but one-half of the land; that Morton Jones never had any notice of the proceedings, and the board never had jurisdiction over him or his lands, nor was any notice given to him throughout all of the proceedings.

It must be presumed that one of the appellants, Matthew M. Jones, did have notice, for the contrary is not averred, and the legal presumption is that the public officers did their duty. As to this appellant there was notice, and if he had notice we can not hold the proceedings void as to him. If neither of the appellants had been notified as the law requires, then doubtless the proceedings would have been void as to both. *Town of Cicero* v. *Williamson*, 91 Ind. 541; *Wright* v. *Wilson, ante*, p. 112; *Vizzard* v. *Taylor*, 97 Ind. 90; *Young* v. *Wells*, 97 Ind. 410. As one of the appellants was notified, the proceedings as to him are not void.

It has been decided in a very great number of cases that where the proceedings are not void an injunction will not lie. *City of Terre Haute* v. *Beach*, 96 Ind. 143; *Cauldwell* v. *Curry*, 93 Ind. 363; *Hume* v. *Little Flat Rock, etc., Co.*, 72 Ind. 499; *Caskey* v. *City of Greensburgh*, 78 Ind. 233; *Houk* v. *Barthold*, 73 Ind. 21; *City of Madison* v. *Smith*, 83 Ind. 502; *Schmidt* v. *Wright*, 88 Ind. 56; *Catterlin* v. *City of Frankfort*, 87 Ind. 45; *Ricketts* v. *Spraker*, 77 Ind. 371; *Grimwood* v. *Macke*, 79 Ind. 100.

The complaint must be regarded as showing a cause of action in one only of the plaintiffs, for the proceedings are not void as to the one who had his day in court by virtue of due notice. The assessment may be irregular, but is not void. Where there is a cause of action in one only of two plaintiffs, the complaint is bad on demurrer, as has been many times decided. *Headrick* v. *Brattain*, 83 Ind. 188; *Nave* v. *Hadley*, 74 Ind. 155; *Lipperd* v. *Edwards*, 39 Ind. 165; *Neal* v. *State, ex rel.*, 49 Ind. 51.

It may, perhaps, be true that the appellant Matthew M. Jones has a right to enjoin the collection of that part of the assessment not laid on his land, but as he asks equity it devolves upon him to tender the amount due on his own land. *Cauldwell* v. *Curry, supra,* and authorities cited. It may also be true that the appellant Morton Jones has a right to enjoin the assessment charged against him, but these are separate rights respecting separate and distinct parcels of land, and the causes of action are, therefore, separate and distinct, and are held in separate rights, and are not the subject of a joint action. *Lipperd* v. *Edwards, supra;* 1 Works Pr., section 37.

The case before us is essentially unlike that of a property-owner resisting the establishment of a ditch by a direct appeal, and showing that for want of notice to other parties the ditch can not be dug as proposed. Here the ditch has been constructed and the benefits from it have accrued. This feature distinguishes the case in hand from *Wright* v. *Wilson, supra,* for in that case the question was presented by appeal, and it appeared that no benefit could accrue to the land-owner, for the reason that the want of notice made it legally impossible for the ditch to be constructed.

The court did not err in sustaining the demurrer to the complaint. Judgment affirmed.

