TURPIN ET AL. *v.* THE EAGLE CREEK AND LITTLE WHITE LICK GRAVEL ROAD COMPANY ET AL.

GRAVEL ROAD.—*Articles of Association.*—A statement of the length of a proposed gravel road is not required by the statute of 1852 (1 G. & H. 474) to be inserted in the articles of association.

SAME.—The line of the route of the road, and the place to and from which it is proposed to construct the same, should be stated in the articles of association; but the designation of the route need not be very specific, for the reason that the exact location of the road is to be, or may be, fixed by the directors of the company.

SAME.—In designating the line of the route and the *termini* of the road, it is not made necessary by the statute to use the name of the state and county, or either of them. Articles of association stating that the company is organized by citizens of the State of Indiana, under and in pursuance of its laws, and giving the beginning point in a section, township, and range, which the court will judicially notice is within a county of this State, and defining the course and distance, sufficiently show the county and State in which the road is located.

SAME.—*Assessors of Benefits.*—It is the duty of the board of county commissioners, by the act of May 14th, 1869, to appoint three freeholders, one from each commissioner's district, to assess benefits for the construction of gravel roads; and when the county board has granted a petition for the assessment of such benefits, it is the duty of the county auditor, without any special order to that effect, to notify the assessors to proceed, and to report their assessment, etc.

SAME.—*Presumptions.*—The order of the board of commissioners for an assessment need not name the assessors. They may be presumed to have been previously appointed by another order of the board, and it will be presumed that the assessors possess the required qualifications, and it need not be stated in the order granting the petition that they do.

SAME.—*Assessor's Oath.*—By the statute, the assessors are required to take an oath of office. They take that oath for all cases referred to them, and it is not necessary that they should be sworn in each case.

SAME.—*Assessor's Report.*—The statute provides for an assessment by two of the assessors, under certain circumstances; therefore, in an action to enjoin the collection of an assessment made by two assessors, it will be presumed, where the contrary is not shown, that such circumstances existed as to make it proper for two of them to act.

SAME.—*Assessor's Affidavit.*—The affidavit of the assessors to their report need not be subscribed by them. Where an affidavit is not required by a statute or some rule of court to be subscribed, it is sufficient if it is shown by the *jurat* of the proper officer to have been sworn to. (PETTIT, J., dissented.)

SAME.—*Extent of Assessment.*—Assessors have no authority to assess benefits

to lands lying beyond their own county; consequently, where one of the *termini* of the road is at a county line, it is neither necessary nor proper for them to assess benefits against lands lying beyond such *terminus.*

CONSTITUTIONAL LAW.—The constitutionality of the statute authorizing assessments for gravel roads has been often affirmed by former decisions of this court, and is no longer an open question.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellants.

*L. M. Campbell, C. W. Smith,* and *R. O. Hawkins,* for appellees.

DOWNEY, J.—This was an action by the appellants against the appellees, to enjoin the collection of an assessment made on the lands of the appellants for the construction of the road of the company, under the act of May 14th, 1869.

The defendants filed a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, and the demurrer was sustained by the court. This ruling of the court is assigned as error, and under that assignment the questions arise which are discussed, and which we are called upon to decide.

It is first contended, that the articles of association of the company are invalid, because they do not state the length of the proposed gravel road, and the county or counties in which or through which the same was to be located, and the State in which the road was to be made. The statute relating to the subject is the first section of the act of May 12th, 1852. 1 G. & H. 474. It provides that the parties wishing to organize such a company shall unite in articles of association, setting forth: 1st. The name which they assume. 2d. The line of the route and the place to and from which it is proposed to construct the road. 3d. The amount of capital stock, and the number of shares into which it is divided. 4th. The names and places of residence of the subscribers, and the amount of stock taken by each. A statement of the length of the road is not required by the statute. It is true that the same section of the statute provides, that whenever the stock subscribed amounts to the sum of five hundred dollars per mile of the proposed road,

copies of the articles of association shall be filed in the office of the recorder, etc. But the statement is not, by the section, required to be put in the articles of association. It may be otherwise ascertained.

It is clearly required that the line of the route of the road, and the place to and from which it is proposed to construct the same, shall be stated in the articles of association. It is stated in the articles in this case: " The line and *termini* of said road shall be as follows: beginning at the north-west corner of the east half of the north-east quarter of section number thirty-one in township sixteen, north of range two east, in the line separating said section thirty-one on the south from section number thirty of said township and range on the north, and in the center of the public highway running over said line; and running thence east on and over said road, and on and over a prolongation due eastwardly of said line until said highway leaves the prolongation of said line; and thence on and over the prolongation due eastwardly of said line until a stake is reached two chains and sixty-nine links west of south-east corner of section number twenty-six in said township and range; and thence in an irregular south-eastwardly direction a distance of seven chains and fifty-four links to a black walnut stake, in the line running north and south between sections number thirty-three on the west and section number thirty-six on the east, in said township and range, and nine feet west of a clump of linn, or basswood, trees, three in number; thence eastwardly along the south side of a bayou, or gully, the distance of seven chains and eighteen links, to a stake in the west bank of Eagle creek, and after crossing said stream a distance of four chains, a very little north of east, to a stake in the north-west corner of an enclosed field; and thence due east until it reaches the Indianapolis and Brownsburg gravel road, and thence to *terminus.*"

The introductory part of the articles of association is as follows:

" We, the undersigned, citizens of the State of Indiana, for the purpose of constructing, owning, and maintaining a gravel

road over the line hereinafter mentioned, under the various acts of the General Assembly of the State of Indiana, and the various amendments thereto, hereby join in the following articles of association :"

In designating the line of the route and the *termini* of the road, it is not made necessary, by the statute, to use the name of the State and county, or either of them. The designation of the route of the road need not be very specific or exact, for the reason that the exact location of the road is to be, or may be, fixed by the directors of the company, as will be seen by reference to the fourth section of the act. That section says : " The directors of said company shall proceed to locate and lay out said road," etc. It does not expressly appear, by naming it, in what county the road is. It does thus appear, we think, that it is in the State of Indiana. The company is organized by citizens of the State of Indiana, and under and in pursuance of the statutes of the State of Indiana. We think, also, that by mentioning the section, township, range, etc., of which divisions we take judicial notice, it clearly appears that the beginning point is in Hendricks county, Indiana. The objection made to the articles of association is not sustained.

The next objection is predicated upon alleged insufficiencies of the order of the board of commissioners directing the assessment to be made. It is urged, in this connection, that the county or counties in which the road is situated, and the length of it, should have been stated in the order. We do not think the order defective on this ground. The line of the route is designated by the mention of the congressional surveys, as we have seen.

It is further objected, that the order does not name the three persons who were appointed assessors, and does not state that they were freeholders of the county, and that they severally resided in the commissioners' districts of the county ; that the auditor is not directed to notify the assessors of their appointment, and to proceed to view the lands within one and one-half miles of the road, and of both ends thereof in the county ; that it does not order them to make a list thereof and assess the

amount of benefits that would result to each tract, etc.; nor does it order the assessors to make report in writing to the auditor of the county, with their affidavit attached thereto.

We think most, if not all, of these objections are founded on a misconception of the statute on the subject. Under the act of May 14th, 1869, Acts 1869, Special Session, p. 73, the board of commissioners are required to appoint three freeholders of the county, one of whom shall reside in each of the several commissioners' districts, whose term of office is the same as that of the commissioner in whose district he is appointed, who are termed assessors of benefits to lands, under that law, and whose duty it is, upon receiving notice from the county auditor, to make all assessments under the act. When a petition has been filed before, and granted by, the board of commissioners, it is the duty of the auditor, without any special order to that effect, to notify the assessors to proceed to make the assessment, and it is their duty to report the same to the proper county auditor, without any special order or direction to that effect. The order of the board of commissioners need not name the assessors. They may be presumed to have been previously appointed by another order of the board, and therefore already known and designated. It must, we think, be presumed that the assessors possess the required qualifications; but, at all events, that they do, need not be stated in the order of the board allowing the petition. We may as well say, while on this subject, that we do not think it necessary for the assessors to take an oath for the discharge of their duties in each case referred to them. By the second section, they are required to take " an oath of office ;" but we think they take that oath for all cases that may be referred to them during their term of office.

Various objections are made to the report and assessment of the assessors, filed with the auditor. It was made by only two of the appraisers, without showing why the third one did not join in it. It does not show, it is urged, that the assessors viewed all the lands within one and a half miles of the

road on each side thereof, and within the like distance of either end thereof, within the said county of Hendricks, nor did they make a list thereof. They did not append thereto their affidavit or affirmation that the same was just, fair, and equitable, according to the best of their judgment and belief; nor is it shown by said report that the lands assessed, or any part of them, are in Hendricks county, Indiana, or are within one and a half miles of the said road, etc.

We think we ought to infer that there was some legal reason why the report was not signed by the third assessor. The act provides for an assessment by two of the appraisers, under certain circumstances, and we may presume, in the absence of any allegation to the contrary, that such circumstances existed as made it proper for two of them to act. It is not stated in the complaint that such circumstances did not exist, but only that the report did not show that fact.

The report is signed by the two assessors, and followed by this statement:

"State of Indiana, Hendricks County, ss.

"Before me, William M. Hess, auditor in and for said county, this the 14th day of February, 1872, Job Hadley and Charles Lowden made affirmation that the foregoing assessment of benefits by them made and subscribed to is fair, correct, and just, according to the best of their knowledge and belief.

"Witness my hand and seal, this 14th day of February, 1871.                              Wm. M. Hess, A. H. C." [Seal.]

We have decided that where a statute requires an affidavit to be subscribed and sworn to, it must be subscribed by the deponent. *Nave* v. *Ritter*, 41 Ind. 301. Where, however, an affidavit is not, by statute or some rule of court, required to be subscribed, it is sufficient without being subscribed. *Shelton* v. *Berry*, 19 Tex. 154; *Crist* v. *Parks*, 19 Tex. 234; *Watts* v. *Womack*, 44 Ala. 605; Burrill Law Dict., title Affidavit; *Hathaway* v. *Scott*, 11 Paige, 173, and cases cited; *Smart* v. *Howe*, 3 Mich. 590.

In the case under consideration, the report is signed, and

the officer's *jurat* follows, showing that the oath was adminis-
tered substantially in the words of the statute relating to the
form of the affidavit required.

As to the other point, with some hesitation, we hold the
report sufficient. The order of the board of commissioners
required the assessors " to assess the amount of benefits to each
tract of land within one and one-half miles of the line of the
road of said petitioners, on either side thereof, and within the
like distance of the western end thereof, to wit, of the road
and *terminus*, described as follows," etc.

The report is as follows: " To William M. Hess, auditor,"
etc. " We, Job Hadley and Charles Lowden, two of the assess-
ors to assess gravel-road benefits for said county, do hereby
make report of our proceedings in making an assessment for
the Eagle Creek and Little White Lick Gravel Road Com-
pany, agreeably to an order of the board of county commis-
sioners of said county, at their December term, 1870, the copy
of which order we herewith return. After examining said
lands, we make out the following as our schedule and assess-
ment thereof." Then follows the list containing the owners'
names, a description of the lands, and the amount assessed.

It may be necessary to state that, as appears from the
description of the line of the route of the road, the east end is
at the line between Hendricks and Marion counties, and that
the assessors had nothing to do with lands within one and a
half miles of the east end of the road, as they could only assess
lands in their own county. Sec. 3 of the act.

The question as to the constitutionality of the act allowing
such assessment is presented, but we must regard that question
as having been settled by former decisions of this court.

It is also alleged that the company, by its president, has
received less than the amount assessed as benefits on the lands
of four persons mentioned in the complaint, thereby greatly
increasing the liabilities and burdens of the plaintiffs.

The board of directors has power to remit all or part of
assessments, or give additional time for payment thereof. Sec.
14 of the act.

We think there is no sufficient ground stated here for enjoin-- ing the collection of other assessments.

The judgment is affirmed, with costs.

PETTIT, J., does not agree to so much of the foregoing· opinion as holds that the affidavit need not be subscribed.

Petition for a rehearing overruled.