## MILLER *v.* THE WILD CAT GRAVEL ROAD CO.

TURNPIKE.—*Articles of Association.*—*Filing Copy of.*—*Action by Company.*—*Practice.*—*Pleading.*—Where the complaint in an action by a turnpike company alleges that a copy of its articles of association has been filed in the office of the recorder of the only county through which it is averred its road passes, an objection, that no such copy has been filed in the recorder's office of another county through which, also, such road passes, must be presented, not by demurrer, but by answer.

SAME.—*Map of Route made part of Articles.*—The line or route of the road of a turnpike company may be described in its articles of association by a map of such road, incorporated in such articles, showing the starting-point, line and terminus of the same.

SAME.—*Action to Collect Subscription.*—*Representations to Subscribers.*—It is no defence to an action on a subscription of stock to a turnpike company, that the defendant was induced to make such subscription by false and fraudulent representations as to the payment of the same, made to the defendant by the person soliciting his subscription.

SAME.—*Location of Turnpike on Highway.*—*County Commissioners.*—*Pleading.* —To an action to collect the last instalment of such subscription, the defendant answered, that the plaintiff had constructed its road on the line of a public highway, without having obtained the consent of the proper board of county commissioners.

*Held*, on demurrer, that the answer is insufficient.

PRACTICE.—*New Trial.*—*Objections to Evidence.*—*Supreme Court.*—Objections to the admission of evidence given on the trial of a cause must be accompanied by a statement of the ground of objection, to render the admission of the same available as cause for a new trial, or on appeal to the Supreme Court.

From the Clinton Circuit Court.

*H. A. Brouse, S. H. Doyal* and *P. W. Gard*, for appellant.

*C. E. Hendry*, for appellee.

PERKINS, C. J.—Suit for the balance due upon a subscription of stock to the original articles of association, made before the organization of the corporation.

A demurrer to the complaint was overruled, and exception taken.

The complaint is good, and the demurrer was rightly overruled.

The objection to it is, that it alleges that a copy of the articles of association was duly filed in the office of the recorder of Howard county, Indiana, and does not allege that a copy was filed in any other county, while the statute requires that copies of the articles of association shall be filed in the office of the recorder of each county through which the road is to pass.

The complaint does not show that the road is to pass through any other county than Howard. We can not say, therefore, on the demurrer to the complaint, that a copy of the articles was not filed in each county through which the road is to pass. If there could be a case in

which the road was to run into several counties, and the fact not appear in the complaint, the omission to record a copy of the articles in a proper county should be shown by answer. In this case, the articles themselves do not show that the road is to pass through any other county than Howard, and hence do not show that a copy of the articles was not filed in each county, etc. But, on the contrary, the articles of association in this case do show that the whole length of the road is in Howard county, and they are made a part of the complaint. They show the fact in this way. The second of the articles of association is this:

"Article 2. The line of the route over, upon and along which said gravel road will run and be constructed, and the places to and from which it is proposed to construct the same, are particularly set forth in exhibit A, embracing plat and field notes, which exhibit is attached hereto and made a part of this article." Then follows a map of the road, being a plat and field notes, showing with minuteness the points of commencement and termination of the road, and its line between them, the section and range east of the meridian line. The said article two of the articles of association then proceeds: "Road begins on the east boundary of the south-west quarter of section thirty-one, township twenty-four north, of range two east, 2 m. and 16.50 chains north of the south-east corner of said quarter section, in Howard county, Indiana; thence as follows, to wit:" giving the route and distance from station to station till it reaches its terminus at Kokomo, in Howard county. See *Turpin* v. *The Eagle Creek, etc., Gravel Road Co.*, 48 Ind. 45. Said article two then continues, giving the estimated cost of construction, and the estimated cost per mile, the length and width of the road, etc. Then follows article three of the articles of association.

This map, of which we have spoken, is not attached as an exhibit to the articles of association, but is incorporated

into the body of article two as a part of it, and with a view to illustrating to the mind, through the eye, what could not be so clearly communicated to the mind by words to the ear.

It is contended that this map is not a part of the articles of association, thus leaving them defective in regard to showing the line or route of the road, as required by statute. 1 R..S. 1876, p. 654.

It was a part of the articles; and it seems to us that it made the description of the route of the road much more intelligible than it would have been in the absence of the map. This map being a part of the articles was, of course, recorded with them, thus making a full compliance with the provisions of the statute above referred to.

The defendant answered in four paragraphs:

First. The general denial;

Second and Third. That the defendant made his subscription to the articles before the company was organized into a corporation, and that one Hauck, who induced defendant to subscribe to said articles, made certain representations about the payment of the subscription and the route of the road, etc., which had not proved to be true.

Demurrer to these paragraphs sustained.

These paragraphs of answer were almost precisely like the second and third paragraphs of answer in the case of *Fox* v. *The Allensville, etc., Turnpike Co.*, 46 Ind. 31. Those paragraphs were held bad. We refer to the opinion of the court in that case for the reasons. They apply with full force to the paragraphs we are considering in this case.

The defendant is chargeable in law with knowledge that Hauck could not bind a company not yet in existence by any representations he might make.

The fourth paragraph of answer alleged, that the company located its road upon the line of a certain public highway, without obtaining the consent of the board of

commissioners of Howard county, as is provided by the act of May 12th, 1852. 1 R. S. 1876, p. 654, sec. 4.

This corporation was organized in 1869. This suit is for the recovery of the third and last instalment of the defendant's subscription, the previous instalments having, as is presumed, been paid.

The paragraph of answer does not aver that the consent of the proprietors adjoining and along the highway has not been procured, but simply that that of the county commissioners had not been.

The line of the road is less than twelve miles in length. A great amount of stock beyond that required by statute for the organization of the company is shown to have been subscribed, and two-thirds of it probably collected; hence, we may presume that the road is, in whole or in part, constructed; and it is not claimed that the commissioners have made any objection. The defendant has been all the time a member of the corporation, and must have known of the location of the road upon the highway, and has never objected till now.

Under such circumstances, we think the demurrer was rightfully sustained to the fourth paragraph of answer.

We think the probability of the loss of the road by the company, through any action of the board of commissioners, is too remote to sustain any answer of want or failure of consideration, and the delay of the defendant in raising this objection does not commend it to favor.

The overruling of the motion for a new trial is also assigned for error.

Two questions are argued under this assignment:

1. Error of law occurring at the trial in the admission of evidence over the objection of the defendant.

We have carefully read the proceedings in the trial of the cause. The defendant objected generally to more or less of the evidence offered, but in no single instance did he point out the grounds of objection, or any one of them, if such he had. It has been decided often by this court,

. that the admission of evidence over such objections is not such error as can be made available on appeal. *Rains v. Ballow*, 54 Ind. 79.

2.   Verdict not sustained by evidence.

The evidence admitted abundantly supported the verdict of the jury.

The judgment is affirmed, with costs.