## BONNELL ET AL. *v.* RAY.

### No. 6608.

WAIVER.—*Brief.*—A failure by counsel to discuss in their brief an assignment of error, in the Supreme Court, must be regarded as a waiver thereof.

MORTGAGE.—*School Fund.—Sale by Auditor.—No Redemption Therefrom.*—A sale of land by a county auditor, under a school-fund mortgage, is not a sale under a judgment, decree or other judicial proceeding, and the owner of the land sold can not redeem, as a matter of right, from such sale, by the payment of the amount of the bid with interest thereon.

SAME.—*Action to Recover land sold under Mortgage.—Burden of Proof.*—In an action by a mortgagor to recover land sold by a county auditor and

treasurer under a school-fund mortgage, the allegation, that such auditor and treasurer did not comply with the requirements of the statute in conducting such sale, must be proved by a preponderance of the evidence.

SAME —*Affidavit of Proof of Publication of Notice.*—It is not necessary to the validity of such sale, that the affidavit of proof of publication of notice thereof should be subscribed by the affiant.

SAME.—*Offer in Parcels, at Sale* —Where, under section 96, 1 R. S. 1876, p. 801, the auditor offers the mortgaged land in parcels, it is not necessary to designate or locate each particular quantity offered.

From the Boone Circuit Court.

*S. H. Buskirk, J. W. Nichol, W. B. Walls, T. J. Terhune, J. W. Clements, C. Baker, O. B. Hord* and *A. W. Hendricks,* for appellants.

*W. W. Woollen, C. S. Wesner, R. W. Harrison* and *B. S. Higgins,* for appellee.

HOWK, J.—This was a suit by the appellee, against the appellants, to redeem certain real estate, particularly described, in Boone county, Indiana, from a certain sale thereof alleged to have been made unlawfully and fraudulently, and without notice, and recover the possession of said real estate, with damages for being kept out of the possession thereof.

The appellee's complaint contained two paragraphs, of which the first was a complaint, in the ordinary form, for the recovery of said real estate, and the second paragraph stated the facts in regard to the sale of said real estate, and the grounds upon which the appellee claimed the right to redeem the property from such sale, and to have the sale set aside as fraudulent and illegal, and to have the premises reconveyed to him, under the order of the court.

To each paragraph of the complaint, the appellants' demurrer, for the alleged insufficiency of the facts therein to constitute a cause of action, was overruled by the court, and to these decisions they excepted. They then answered separately by general denials of the complaint; and the appellant Matthew H. Bonnell also filed what is

Bonnell *et al. v.* Ray.

called his answer and cross complaint, to which the appellee answered by a general denial thereof.

The issues joined were tried by the court, and a finding was made for the appellee, in accordance with the prayer of his complaint, and judgment was rendered accordingly. The appellants' motion for a new trial was overruled by the court, and to this decision they excepted, and appealed to this court.

The following decisions of the circuit court have been assigned here, as errors, by the appellants :

1. In overruling their demurrer to the first and second paragraphs of the appellee's complaint ; and,

2. In overruling their motion for a new trial.

1. The appellants' counsel have not discussed, in their brief of this cause, the sufficiency of the facts stated in either paragraph of the complaint to constitute a cause of action. Under the settled practice of this court, the alleged error of the circuit court, in overruling the demurrer to both paragraphs of the complaint, must be regarded as waived.

For the purpose, however, of an intelligible presentation of the case, and of the points decided, we will give in this connection a summary of the facts alleged by the appellee, in the second paragraph of his complaint.

David Ray, the appellee, alleged, in substance, that he had been, and then was, the owner in fee simple of the north-east quarter of the south-east quarter of section 18, in township 18 north, of range 2 east, in Boone county, Indiana, of the value of two thousand dollars ; that, on the 23d day of September, 1871, he executed a mortgage on said real estate to the State of Indiana, for the use of its common school fund, a copy of which mortgage was filed with, and made a part of, his complaint, and procured a loan of two hundred dollars from said school fund ; that said mortgage was duly and legally executed and record-

ed; that on the 26th day of March, 1877, the appellants William D. Hudson, treasurer, and John W. Hedges, auditor, of said county, unlawfully and fraudulently, without notice and without conforming to the requirements of the statutes of this State, and without having given the notice required by the statute, and without having offered a less quantity than the entire tract, or posting notices, and after having promised the appellee to give him personal notice and failed so to do, the said Hedges, auditor, sold said real estate to the appellant Matthew H. Bonnell, for the sum of two hundred and nineteen dollars, and executed to him a deed therefor immediately after said sale; that, notwithstanding the illegality of said proceedings, the appellee, on the 13th day of April, 1877, before the commencement of this suit, took steps to redeem said real estate, and tendered to the appellants, and each of them, the sum of two hundred and twenty-two dollars in legal tender currency of the United States, and demanded a deed of reconveyance of said real estate to him, the appellee; that said tender of said sum of two hundred and twenty-two dollars was refused by each of the appellants, and the appellant Bonnell refused to reconvey said real estate to the appellee; that, after the refusal of the appellants to receive said sum of money, and after said Bonnell's refusal to reconvey said real estate, and to permit the appellee to redeem the same from the said sale thereof, the appellee commenced this suit, and tendered and paid into court, to the clerk thereof, the said sum of two hundred and twenty-two dollars, in legal tender currency of the United States. Wherefore, etc.

It will be observed, that this is not, in any proper sense, an action to quiet the title to the real estate in controversy. The appellee sues, in the first paragraph of his complaint, to recover the possession of the real estate, of which he claims to be the owner in fee simple,

and which he alleges the appellants held possession of, without right, and for the past two months had unlawfully kept him out of the possession thereof.

From some of the averments of the second paragraph of the complaint, it would seem that the appellee intended to assert a legal right on his part to redeem the real estate from the sale thereof made by the auditor of Boone county, under and by force of the school-fund mortgage thereon, and of the statutory provisions applicable to, and providing for, the collection and enforcement of such mortgages, upon default made in the payment of the principal or interest of the mortgage debt. Such a sale, however, is not a sale under a judgment, decree or other judicial proceeding, and therefore it does not come within the scope and purview of the redemption laws of this State. We know of no statutory provision which would entitle the appellee, as a matter of right, to redeem his real estate from the sale thereof to the appellant Bonnell by the auditor of Boone county, under the school-fund mortgage thereon, by the payment or tender of the amount of Bonnell's bid and interest thereon. The appellee had no legal right, we think, to redeem his real estate from the auditor's sale thereof to the appellant Bonnell; but, if the sale was illegal, and was not made in conformity with the requirements of the statute, under which it was apparently made, then the appellee might maintain an action to have such sale set aside, and to obtain the reconveyance to himself of such real estate.

In the case of *Maynes* v. *Moore*, 16 Ind. 116, it was held by this court, that a party who seeks the interposition and aid of the courts to avoid a sale of lands, except, perhaps, in the case of tax sales, assumes the burthen of showing that he is entitled to the relief prayed for. In the opinion of the court in that case, on page 121, it

was said : " That the statute must be strictly pursued in making the sale, there can be no dispute about the principle ; but how is the court to know that it has not been conformed to in the sale made ? If the purchaser at the sale was asking the aid of the court to enforce rights under it, it might devolve upon him to show that a legal sale had taken place ; but he is not asking the interposition of the court ; and we take it the rule is general, except perhaps in cases of tax sales, that a party who does ask such interposition in his favor assumes the *onus* of showing that he is entitled to it. The case of *Skelton* v. *Bliss*, 7 Ind. 77, is directly in point." To the same effect is the case of *Vail* v. *McKernan*, 21 Ind. 421, which was a suit by the owner of land to avoid a sale thereof made by the Auditor of State, under a mortgage to the State to secure the payment of a loan from the saline fund. In the opinion of this court, it was said : " One paragraph of the answer was a general denial. This put upon the plaintiff the burden of proving the negative allegation in his complaint, that the sale was not made, by the State, in the first instance, for the sum actually due."

Applying the doctrine of the cases cited to the case at bar, it is very clear that the appellee was bound to establish, by a fair preponderance of the evidence, the negative allegations of the second paragraph of his complaint, to the the effect that, in the sale of his real estate to the appellant Bonnell, the auditor and treasurer of Boone county had not complied with the requirements of the statute.

With this general statement of the law applicable to the issues in this case, we proceed now to the consideration of the appellee's objections to the validity of the sale of his real estate to the appellant Bonnell. In section 95 of the statute, under which the sale was made, it is provided that, before the sale of the mortgaged premises, the auditor shall

advertise the same in some newspaper, etc., for three weeks successively, and also by notices set up, etc. 1 R. S. 1876, p. 801. The appellee's counsel do not claim, as we understand them, that the auditor did not advertise the sale in this case, in strict conformity with the requirements of the statute; but they do claim, that the proof of such advertisement, appearing in the record, was insufficient, because the affidavit of the publication of the advertisement was not signed by the affiant. This is the only objection, pointed out by counsel, to the affidavit in question, and it is not well taken. In the case of *Turpin* v. *The Eagle Creek, etc., Gravel Road Co.*, 48 Ind. 45, it was decided by this court, that where an affidavit is not required to be subscribed by the statute, in pursuance of which it is made, it will be sufficient without being subscribed. The affidavit of publication, in this case, was made pursuant to the third clause of section 292 of the code, which made it sufficient proof of the publication, but did not require that it should be signed or subscribed by the affiant. 2 R. S. 1876, p. 154.

It is also objected by appellee's counsel to the validity of the sale, that it was made by the auditor, without his offering first a part only of the entire tract of land for sale. The evidence of the auditor, which is uncontradicted on this point, showed very clearly, however, that he offered the land in parcels, beginning with 20 acres, then 25 acres, 30 acres, 35 acres, 37 acres, 38 acres, 39 acres, $39\frac{1}{4}$, $39\frac{1}{2}$, $39\frac{3}{4}$, and then 40 acres, and that he received no bid until he offered the 40 acres. It is insisted, however, that these offers of a less quantity than the whole tract were too vague and indefinite, because they did not locate the particular quantity offered. But it seems to us, that section 96 of the statute, under which the sale was made, rendered each of these offers sufficiently definite and certain; for it provided that, " when less than the whole tract mort-

gaged shall be sold, the quantity sold shall be taken in a square form, as nearly as possible, off the north-westerly corner of said tract." 1 R. S. 1876, p. 801.

The other objections urged by the appellee's counsel, in argument, to the validity of the sale, seem to us to be not only unsustained by, but contrary to, the evidence appearing in the record. The evidence shows, and is uncontradicted, that notices of the sale were posted, as required by the statute; that the statement of the sale, provided for in section 100 of the statute, was made and signed by the auditor and treasurer of Boone county; and that the deed to the appellant Bonnell was "entered in the record of the board of county commissioners before delivery," as provided in section 99 of the statute. Indeed, it seems to us that the appellee, upon whom, as we have seen, rested the *onus* of proving the negative averments of his complaint, utterly failed to show by any evidence any of the alleged defects in the sale of his real estate. In the absence of any positive evidence to the contrary, it must be presumed, we think, as in other cases, that the auditor and treasurer of Boone county performed their respective duties, under the statute, in the sale of the appellee's real estate, according to law.

We are of the opinion, therefore, that the finding of the court in this case was not sustained by, but was in fact contrary to, the evidence in the record. It is not a case of conflicting evidence; but there was a failure of evidence, on the appellee's part, to sustain the material allegations of the second paragraph of his complaint. The court erred, we think, in overruling the appellants' motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to sustain the appellants' motion for a new trial, and for further proceedings in accordance with this opinion.