HARTLEY *v*. BOYNTON and others.

*(Circuit Court, N. D. Iowa, W. D.* July Term, 1883.)

1. SERVICE ON DEFENDANTS — PRESUMPTION — ENTRY OF JUDGMENT OR DECREE.
    The entry of a judgment or decree by a court, of necessity presupposes the fact that the court has found that due service has been had or an appearance has been entered.
2. SAME — RECITAL IN DECREE.
    This presumption, however, does not prevent a party from showing, in a proper proceeding, that in fact he had not been properly served, and therefore

is not bound by a given judgment or decree; and this right is not barred by a recital in the decree that the court has examined the service and finds it to be according to law.

3. SAME—SERVICE BY PUBLICATION.

Service of notice by publication is a purely statutory right, and is of such a nature that all of the provisions of the statute must be strictly complied with, and courts will not indulge in presumptions to supply apparent defects or failures to meet the requirements of the statute.

4. SAME—IOWA CODE, § 2618, SUBD. 6—AFFIRMATIVE SHOWING OF NON-RESIDENCE.

To justify the publication of the notice under subdivision 6 of section 2618 of the Iowa Code of 1873, it must appear that the action was of the character described in such subdivision, and that the defendants were non-residents of Iowa, and an affidavit must be filed showing that personal service could not be made on defendants within the state of Iowa; and where it is not shown by the record in a cause in the circuit court of the county from which the case has been removed to the circuit court of the United States, nor by the evidence *aliunde*, nor by the evidence in the case on trial in the United States court, that the defendant was a non-resident of Iowa when service was attempted to be made on him by publication, the decree entered in the case by the state court will be *held* void for want of jurisdiction.

5. SAME—TAX SALE—REDEMPTION—NOTICE TO "UNKNOWN OWNERS"—IOWA CODE, § 894.

As, under the facts in evidence in this case, it does not appear that on the first of October, 1877, the lands in controversy had been taxed for that year, for the reason that the several steps necessary to be completed to perfect the taxation for that year are not shown to have been completed, and the records of the county for the previous year show that such lands were taxed in the name of complainant, he was entitled to be notified, as required by section 894 of the Iowa Code, that the right of redemption would expire and a deed be demanded in 90 days after completed, service of the notice, and a notice by publication to "the unknown owners" of such lands was not sufficient, and the tax deeds executed by the county treasurer after such notice are null and void.

6. SAME—CURATIVE ACT OF MARCH 18, 1874—IOWA CODE, § 3049—REVISION, § 3275.

The Iowa statute of March 18, 1874, was intended to legalize the levy of the special taxes therein specified, the right to levy which had been claimed under section 3275 of the Revision, and the amendment thereto: and the adoption of section 3049 of the Code of 1873 must be deemed to be an amendment to section 3275 of the Revision, within the meaning of the statute, and judgment taxes levied prior to the date of the curative act are legalized thereby.

Bill in Equity.

The complainant, Isaac S. Hartley, is the owner of the record title of certain lands in O'Brien county, Iowa, which were sold at tax sale in 1874 for certain taxes as assessed thereon in 1873. Tax deeds to H. Greve were executed on the third day of January, 1878, by the treasurer of O'Brien county. At the September term, 1879, of the circuit court of O'Brien county, H. Greve brought an action to quiet his title, gave notice by publication, and procured a decree in his favor against complainant herein. The bill in the present cause is against H. Greve and his grantees, and is brought for the purpose of setting aside the decree rendered in the circuit court of O'Brien county, on the ground that the court had not jurisdiction of the cause when the decree was entered, and also to set aside the tax deeds, and to be allowed to redeem from all taxes that are legally due upon the lands in question.

*Coolbaugh & Call* and *C. H. Clark,* for complainants.

*J. H. Swan,* for defendants.

SHIRAS, J. 1. The decree rendered in O'Brien circuit court is conclusive upon the rights of complainant herein, provided the court had jurisdiction of the cause when the decree was rendered. There was no personal service of the original notice in that cause, and defendant did not appear therein. Service was made by publication only, and the question is whether this substituted service was made as provided by law, for, unless it was so made, the court had no jurisdiction, and its decree is of no force. The present action was originally brought in the circuit court of O'Brien county, Iowa, and one object of the proceeding was to have the question of the jurisdiction of the circuit court of O'Brien county, in the cause of *H. Greve* v. *Isaac S. Hartley et al.,* determined. The validity of that decree is therefore directly attacked, and is not brought up collaterally. The cause having been removed to this court under the act of congress providing for the removal of causes from the state to the federal tribunal, the questions at issue have to be determined by this court. In the decree rendered by the circuit court of O'Brien county it is recited that, "it appearing to the court upon an inspection of the records that the original notice herein was duly served on the above-named defendants, in time and manner provided by law," etc.

It is claimed, on the part of defendants in the present cause, that this recital shows that the circuit court of O'Brien county heard and determined the question of the proper service of the original notice in that cause, and that the finding as shown by this recital is conclusive upon this court. In all cases before a judgment or decree is rendered, whether it is so recited in the record entry or not, it is presumed that the court, before rendering a judgment or decree, ascertains and determines the fact that proper service has been had, or that there is is an appearance for the party; for unless it appeared that the defendant was in court, no judgment or decree could be properly rendered. The entry of a judgment or decree by a court of necessity presupposes the fact that the court has found that due service has been had, or an appearance has been entered. This presumption, however, does not prevent a party from showing, in a proper proceeding, that in fact he had not been properly served, and therefore is not bound by a given judgment or decree. This right to question the jurisdiction of the court, at the time the decree or judgment against him was rendered, is not barred by a recital in the decree that the court has examined the service and finds it to be according to law. If the defendant was not in fact before the court by being properly served, when the court makes examination in regard to the service, the finding of the court upon that question cannot bind the defendant. The question, therefore, of jurisdiction is open to investigation, notwithstanding the recitals in the decree.

It is admitted that the only service made in the case in O'Brien

county was by publication. Service of notice by publication, being a substitute for actual personal service, is a purely statutory right, and is of such a nature that all the provisions of the statute must be strictly complied with, and courts will not indulge in presumptions to supply apparent defects or failures to meet the requirements of the statute. The Code of Iowa, § 2618, provides for this class of cases, and the circumstances under which notice to defendants may be given by publication. It provides that the "service may be made by publication when an affidavit is filed that personal service cannot be made on the defendant within this state, in either of the following cases: *   *   * (6) In actions which relate to, or the subject of which is, real or personal property in this state, when any defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is a non-resident of this state, or a foreign corporation."

The action brought by H. Greve against Isaac S. Hartley et al., in the circuit court of O'Brien county, comes within the provision of this sixth subdivision of section 2618. To justify the publication of the notice, it must appear that the action was of the character described in this subdivision, and that the defendants were non-residents of Iowa, and an affidavit must be filed showing that personal service could not be made on defendants within the state of Iowa. An examination of the records of the case in question shows that the action was of the character of those included within this subdivision, and the record also shows that the affidavit to the effect that personal service could not be made on defendants within the state was properly filed. There is nothing shown upon the records of the case in O'Brien county, from which it can be inferred that the defendants were at that time non-residents of Iowa,—that is to say, the records of the case fail to disclose the fact of the place of residence of defendants,—and it is not shown that any evidence thereof was submitted to that court, showing that defendants were non-residents of Iowa at that time. Now, unless the defendants were non-residents, service by publication was not permissible under the statute in that action. In the record and evidence submitted to this court I am unable to find any evidence showing that in 1879 Isaac S. Hartley was a non-resident of Iowa.

I do not determine nor rule upon the question whether the record in the original case must show that the defendants were non-residents in order to sustain service by publication only. What I hold is that as it is not shown by the record in that cause, nor by evidence aliunde, nor by the evidence in this cause now on trial, that Isaac S. Hartley was a non-resident of Iowa in 1879, when service was attempted to be made by publication, that this court will not presume that he was a non-resident, and that, as it does not appear that he was a non-resident at that time, the service by publication cannot be upheld,

because the statute only permits such service in case that defendant was a non-resident, which fact must be made to appear in some mode if such service is to be sustained. I therefore, without passing upon the other objections urged against the sufficiency of the service in the case of *Greve* v. *Hartley et al.*, hold, for the reason stated, that the service by publication is not sufficient to support the decree of the circuit court of O'Brien county, because it nowhere appears or is shown that Isaac S. Hartley was in 1879 a non-resident of the state of Iowa. It not appearing, therefore, that the service of notice by publication was justified under the provisions of the statute, it follows that no service whatever had been had upon the defendants in that cause, and consequently that the circuit court of O'Brien county was without jurisdiction of the cause when the decree by default was entered in that court. Lacking jurisdiction, of course the decree is not binding, and must be held to be null and void.

2. The next question presented is whether the tax deeds executed to H. Greve, and the title derived thereunder, are valid and binding. It is urged, on behalf of complainant, that these deeds are not valid, for the reason, among others, that no notice to redeem was served upon him as required by section 894 of the Code of Iowa. The only notice to redeem that was given, was by publishing a notice addressed to "unknown owners," the notice containing a large number of pieces of realty which it was stated were sold to H. Greve.

The agreed statement of facts filed in this cause shows that complainant, since 1871, has been the owner of the lands in controversy, unless deprived thereof by the tax deeds under consideration; that the lands in 1875 and 1876, and the year previous thereto, were taxed in complainant's name, and that in 1877 they were taxed as unknown, or at least that no name was carried out upon the treasurer's books opposite the description of the lands. The statute requires the notice to be served upon the persons in whose name the land is taxed; the same to be served personally if the land-owner is a resident of the county, and by publication if a non-resident of the county. The notice was published October 1, 1877, and the question for decision is whether the notice should have been addressed to Isaac S. Hartley, and served either in person or by publication. In other words, the question is whether these lands, on October 1, 1877, were taxed in the name of Hartley, or as unknown. This section 894 of the Code of Iowa, requiring notice to redeem to be given to the owners of realty before applying for a tax deed, is one that must commend itself to all, and its provisions and purpose should not be narrowed by any line of construction that may tend to defeat its beneficent purpose. Parties holding tax certificates should be held to a full performance of all its requirements before they become entitled to demand a tax deed under its provisions. The object of the section in requiring notice to be served upon the person in possession of the land, and also upon the person in whose name the same is taxed, clearly is to provide that

the owner of the land may be notified of the fact that a tax title is maturing in order that he may have 90 days in which to protect his rights and redeem the land. It is therefore made the duty of the holder of a tax sale certificate to give notice to the person in possession, and to the person in whose name the land is taxed, that the right of redemption will expire, and a deed be demanded in 90 days after complete service of the notice. This provision of the statute must be observed in good faith by the holder of the tax certificate before he becomes entitled to demand a tax deed.

In the case now before the court it is shown that the title of the lands in dispute had been in complainant's name upon the records of the county since 1871; and for several years, including 1875 and 1876, the lands were taxed in his name. Now, on the first day of October, 1877, was there any reason why the holder of the tax certificate could not readily ascertain the name of the party to whom notice was to be given? He published notice under the caption of "Unknown Owners," and justifies so doing by claiming that the lands in 1877 were taxed as unknown.

The question for decision is whether, on the first of October, 1877, these lands were taxed to any person by name. It will be remembered that the object of the statute in requiring service upon the person in whose name the land is taxed, is to provide for notice to the probable owner of the land. For the purpose of giving notice under this section of the Code a completed taxation in any one year holds good as a designation of the person to whom notice is to be given until the lands are again taxed at a subsequent time. As I have already said, these lands in 1876 were taxed in the name of Isaac S. Hartley, and thus he was designated as the person upon whom service must be made under the statute, and this designation held good until by a subsequent taxation of the land some other party should be shown to be the person to be notified, or else by being taxed as unknown the necessity of giving notice might be waived. If on the first day of October, 1877, these lands were taxed to unknown owners, then notice to complainant by name would not be required. By the taxation of property is meant the several steps of listing the same, assessing the values, equalizing values by the proper boards of equalization, fixing the rate of levy by the board of supervisors, which is done in September; the completion of the tax-list by the auditor, under section 839; and the delivery of the completed list by the auditor to the county treasurer on or before the first day of November.

It is not claimed or shown that these several proceedings had all been had and completed on the first day of October, 1877, and hence in my judgment it cannot be said that on that day the lands were taxed to "unknown owners." The county auditor has express statutory authority for correcting any clerical or other error in the assessment or tax-book; and hence, it should be made to appear to him that lands entered on the list to unknown owners should be entered and taxed to

A. B., I see no reason why it would not be his duty to make the correction. Hence it does not follow that because lands may be returned on the assessor's list under the head of "Unknown Owners," that when the completed tax-list is delivered by the auditor to the treasurer it will show the lands taxed to unknown owners. That list may show them taxed to the real owner by his proper name. Under the facts in evidence in this cause it does not appear that on the first of October, 1877, these lands had been taxed for that year, for the reason, as already stated, that the several steps necessary to be completed, to perfect the taxation for that year, are not shown to have been completed. Hence, as the records of the county then stood, the lands were taxed in the name of Isaac S. Hartley, and the notice of the expiration of the time for redemption should have been given to him, which it is admitted was not done. Hence it follows that the county treasurer had no legal right to execute the tax deeds of the land in question, because the right of redemption of the owner had not been terminated by the giving of the notice required by the statute.

These deeds must, therefore, be held void.

3. It is claimed, on the part of complainant, that a part of the taxes levied on the lands, and for which the same were sold, are illegal, in that the amount of the levy is in excess of the rate which the board of supervisors could lawfully levy, and that complainant should not be required to pay the amount of these taxes in making redemption from the tax sales. It is admitted by counsel that the legality of the taxes depends upon the question whether the curative act passed by the legislature under date of March 18, 1874, can be held to apply to the levies in question; the point being made that the Code of 1873, which was in force when the levies were made, repealed section 3275 of the Revision, and that the curative act of March 18, 1874, only applies to taxes levied under section 3275 of the Revision and the amendment thereto. Curative acts of the nature of the one in question should be fairly construed. The true intent of this act of 1874 is to legalize the levy of the special taxes therein named; that is to say, taxes levied to pay judgments rendered against various counties, school-districts, and other municipal corporations, the right to levy which had been claimed under section 3275 of the Revision, and the amendments thereto..

In my judgment the adoption of section 3049 of the Code of 1873 must be deemed to be an amendment to section 3275 of the Revision, within the meaning of the act of March 18, 1874, and the judgment taxes levied in O'Brien county prior to the date of the curative act are legalized by that act.

There will be, therefore, a decree in this cause in favor of complainant, holding the decree in the circuit court of O'Brien county, in the cause of *H. Greve* v. *Isaac S. Hartley et al.*, null and void; also setting aside and annulling the tax deeds issued by the treasurer of O'Brien county under date of January 3, 1878, and declaring that

complainant is entitled to redeem the lands from the tax sales made thereof,—said redemption to be made within 90 days from this date; and that if redemption be not made, that the holder or holders of the tax certificates be entitled to demand and receive tax deeds for said lands from the treasurer of O'Brien county, as provided by law; complainant being also entitled to a decree for costs.