No. 16,392.

## PITTS v. JACKSON ET AL.

NOTICE.—*Affidavit for Publication.*—*Essentials.*—*Specific Cause for Publication.*—*A Statutory Proceeding.*—*Review of Judgment.*—Notice by publication, in the practice in this State, can only be made by virtue of the statute; and the affidavit for publication must state some one of the specific causes for publication named in the statute, or it will be defective. The statute does not contemplate a full statement of the cause of action in the affidavit, but it does contemplate a statement of the nature of the action. Where an affidavit for publication is defective, a decree based thereon is not void, but is erroneous, and subject to review.

From the White Circuit Court.

*W. S. Hartman* and *W. H. Hamelle,* for appellant.

*E. B. Sellers* and *W. E. Uhl,* for appellees.

COFFEY, J.—On the 24th day of February, 1890, the appellant commenced an action in the White County Circuit Court, against the appellees and others, to quiet title to the land described in the complaint in this case, and for the purpose of having certain taxes paid by him declared a lien on the land.

The complaint consisted of two paragraphs, the first being in the ordinary form of a complaint to quiet title. The second paragraph was based upon a tax deed, and prayed that if such deed was found to be insufficient to convey title the amount paid by the appellant at the tax sale and subsequent taxes paid by him might be ascertained and declared a lien upon the land, and such lien foreclosed.

At the time of filing the complaint, the appellant also filed, in open court, an affidavit showing that the appellees were nonresidents of the State, upon which the court ordered notice to the appellees by publication.

At the ensuing term of court, the appellant, after filing proof of publication, obtained a finding of the amount of taxes paid by him and a decree declaring the same a lien on the land, and ordering the same sold for its payment.

This action was brought by the appellees, against the appellant, to review the proceedings and decree in that case. The complaint alleges that there is manifest error in such proceedings and decree in this: that the affidavit upon which publication was ordered and made was not sufficient to warrant such publication, and that the notice issued and published was not sufficient.

Omitting the caption and the jurat, the affidavit upon which publication was ordered and made, is as follows:

"W. H. Hamelle, being duly sworn, upon his oath says, that he is one of the attorneys for the plaintiff in the above entitled cause; that said cause is in relation to

real estate situate in White county, Indiana, and that the following named defendants are all necessary parties to said action, to wit: * * * * * * * * and all of said defendants are nonresidents of the State of Indiana at this time, and further affiant says not.''

The statute upon the subject of publication (Elliott's Supp., section 1) provides that the clerk, by order of the court if in session, or in vacation without such order, shall cause notice of the pendency of an action by publication:

''*Third.* Where the defendant is not a resident of the State, and the cause of action is founded upon or connected with a contract, or arises from a duty imposed by law, in relation to real estate in this State, or the subject of the action is to enforce or discharge a lien, or to obtain a divorce, or to try and determine, or quiet the title to, or possession of real estate or any interest therein, or to enforce the collection of any demand by proceedings in garnishment or attachment, or where the object is to obtain a review of a judgment, or to procure a new trial, or to set aside a judgment, or enforce satisfaction of a judgment or mortgage, or set aside an entry of satisfaction of a judgment, mortgage or other lien, or to set aside a sale of real estate, or to set aside a return of the sheriff on an execution or other writ.''

There having been filed an affidavit for publication and publication made thereon, which affidavit and publication were adjudged by the White Circuit Court to be sufficient, the decree rendered by the court on the merits of the cause is not void. *Brown* v. *Goble,* 97 Ind. 86; *Quarl* v. *Abbett,* 102 Ind. 233; *Hume* v. *Conduitt,* 76 Ind. 598; *Muncey* v. *Joest, Treas.,* 74 Ind. 409; *Chicago, etc., R. W. Co.* v. *Sutton,* 130 Ind. 405.

This, however, is a direct attack upon the decree, by way of review, and the question presented is not a ques-

tion as to whether the decree is void, but the question for our decision is this: Did the court err in adjudging the affidavit sufficient to warrant notice to be given the appellees by publication?

It is contended by the appellant that it was sufficient to allege in the affidavit that the action was in relation to real estate, while it is contended by the appellees that, in order to render the affidavit sufficient, it should have been stated therein that the cause of action related to a duty imposed by law in relation to real estate, or that it was to enforce a lien against real estate, or to quiet title to real estate, or some other one of the specific grounds for publication mentioned in the statute.

In the case of *Hamilton* v. *Barricklow*, 96 Ind. 398, an affidavit for publication similar to the one now before us was held to be sufficient, but that ruling was based on section 382, R. S. 1876, which is different in some respects from our present statute. That statute provided that publication might be made when an affidavit was filed showing that a cause of action existed against any nonresident defendant who was a necessary party to an action in relation to real estate. The affidavit in the case cited substantially followed the language of the statute then in force.

But in the revision of 1881, R. S. 1881, section 318, the general language used in the former statute was omitted and in its stead the specific grounds for publication are set forth. We can not say that an action in relation to real estate might not be instituted in which none of the causes for publication named in the statute existed.

If such an action should be instituted, of course the defendants thereto could not be notified by publication, for it is by virtue of the statute alone that publication under our practice can be made. We think that under

Pitts *v.* Jackson *et al.*

our present statute the affidavit for publication should state some one of the specific causes for publication named in the statute, otherwise it would be defective.

The affidavit and publication should notify the defendant of the nature of the action against him, for it would be unreasonable to hold that a foreclosure could be had on an affidavit and publication stating that the purpose of the suit was to obtain a divorce, or to obtain any relief other than that sought in the complaint. The change made in the statute by the revision of 1881 was doubtless intended to secure to the defendant notice of the nature of the action against him, which can not be accomplished without stating it in the affidavit and notice.

The statute does not contemplate a full statement of the cause of action in the affidavit, but it does contemplate, we think, a statement of the nature of the action, to the end that it may be known whether it is a case in which publication is authorized, and in order that the defendant may be informed as to the nature of the suit against him which he is required to defend. *Field* v. *Malone*, 102 Ind. 251.

The affidavit before us is defective, we think, in that it fails to state any one of the statutory grounds for publication, and the court, when it adjudged it sufficient and ordered publication issued thereon, erred. For this reason, the decree based thereon, while not void and subject to collateral attack, was nevertheless erroneous and subject to review.

It follows, from what we have said, that the circuit court of White county did not err in overruling the demurrer of the appellant to the complaint in this case.

Judgment affirmed.

Filed Oct. 31, 1893.