## DEPUTY ET AL. *v.* DOLLARHIDE ET AL.

[No. 6,437. Filed November 24, 1908.]

1. JUDGMENT.—*Collateral Attack.—Appeal.*—A collateral attack upon an erroneous or merely irregular judgment must fail, the remedy for such defects being an appeal. p. 558.

2. SAME.—*Review.—Direct Attack.*—An action to review a judgment constitutes a direct attack thereon. p. 558.

3. PROCESS. — *Publication. — Notice. — Jurisdiction.* — The failure strictly to follow the statute requiring nonresident notice by publication invalidates such notice, and no jurisdiction is obtained thereby. p. 559.

4. JURISDICTION.—*Process.—Proof.*—No jurisdiction is obtained in the case of a nonresident until the proper proof of service or publication is made, and an unsworn certificate of the publisher of a newspaper that an attached notice was duly published is insufficient. p. 559.

5. PROCESS. — *Publication. — Proof.—Signatures.—"Affidavit."*—An "affidavit" of a publisher that he published a certain nonresident notice requires his signature before some officer empowered to administer oaths; and the officer's jurat must be attached thereto and his seal affixed. pp. 559, 561.

6. PLEADING.—*Demurrer.—Admissions by.—Review of Judgment.*— A demurrer to a complaint to review a judgment, such complaint alleging that the proof of publication was never sworn to by the publisher of the paper, admits the truth of such allegation. p. 560.

7. JUDGMENT.—*Review of.—Record.—Jurisdiction.*—Where the record in a default judgment shows an insufficient proof of publication of a nonresident notice, the fact that the trial court assumed jurisdiction does not prevent it, in an action to review such judgment, from setting such judgment aside, the presumption of jurisdiction being unavailing where the proof shows there was none. p. 560.

8. SAME.—*Review of.—Statutes.—Partition.*—Section 646 Burns 1908, §616 R. S. 1881, providing for the review of any judgment

within one year for "any error of law," and §1266 Burns 1908, §1209 R. S. 1881, providing that, in partition suits, any person not served with summons upon showing "sufficient cause" may obtain a review of the proceedings within one year after such partition is confirmed, are distinct and must be construed as *in pari materia.* p. 561.

9. PARTITION.—*Default.*—*Attorneys' Fees.*—*Judgment.*—*Demand.*— *Amendments.*—Section 1265 Burns 1908, Acts 1893, p. 315, authorizes the court to allow reasonable attorneys' fees in partition proceedings; but, in the absence of an answer, an allowance of $300 was excessive where only $200 was demanded, and, as to parties defaulted, the amount claimed was not amendable below and cannot be treated as amended on appeal. p. 562.

10. SAME. — *Commissioners' Reports.* — *Waiver.* — Parties not in court cannot be held to have waived any error by reason of their failure to object to the report of the commissioners in the partition suit in controversy. p. 562.

From Jennings Circuit Court; *Francis M. Thompson,* Judge.

Action by Charles W. Deputy and others against Winifred Dollarhide and others. From a judgment for defendants, plaintiffs appeal. *Reversed.*

*Dixon & Meloy, Thomas C. Batchelor, Chester A. Batchelor* and *George H. Batchelor,* for appellants.

*New & New,* for appellees.

COMSTOCK, J.—Action to review a judgment in partition, being based on §§645, 646 Burns 1908, §§615, 616 R. S. 1881, for review of judgments generally, and §1266 Burns 1908, §1209 R. S. 1881, for review of judgments in partition.

A demurrer for want of facts filed by defendants Elizabeth Lett, Timothy S. Lett, Martha Gruber and John H. Gruber was sustained. Plaintiffs refusing to plead further, judgment was rendered against them for costs.

The action of the court in sustaining said demurrer is assigned as error.

Summarized, the amended complaint alleged that the plaintiffs were at the time of the filing of the partition action and ever since had been nonresidents of the State of Indiana; that none of the plaintiffs were personally served

with summons of the pendency of said action, and that they did not appear in said action, either in person or by counsel; that judgment was taken against them in said action by default; that they had no notice or knowledge of the report made by the commissioners until long after said report had been approved; that none of the plaintiffs have taken possession of the tracts attempted to be set off to them in severalty, accepted benefits under the alleged judgment, or acted in any manner under the same; that the partition so made should be reviewed and set aside for the following reasons: (1) That certain errors of law were committed by the court in said partition action, to wit: (a) That the court erred in finding that due notice had been given by publication to plaintiffs of the pendency of said action, it being alleged that there was no proof of publication of notice in said cause; (b) that the advancement to Winifred Dollarhide was not taken into consideration by the commissioners in the partition, although the original complaint alleged such advancement, and all the defendants defaulted; (c) that the court erred in allowing the attorneys for the plaintiffs in said partition suit a fee of $300 when only $200 was asked for in the complaint, and that the proportionate part of said attorneys' fees is taxed against and made a lien on the respective shares so set off to the plaintiffs. (2) That the partition so made is grossly unequal and fraudulent, in that at least one-third part in value was set off to Elizabeth Lett, and one-fourth part in value was set off to Martha Gruber, when, as provided in the interlocutory decree, only one-sixth part in value should have been set off to each of said parties; that the portion set off to said Elizabeth Lett and Martha Gruber comprises all the bottom and fertile land, while the part set off to the plaintiffs comprises only upland, in a large part untillable and of small value compared to the parts set off to said Elizabeth Lett and Martha Gruber; that although said real estate was of the value of from $10,000 to $15,000, the share set

off to Elizabeth Lett is worth at least $4,000, and the share set off to Martha Gruber is worth at least $2,500, while the share set off to plaintiff Charles W. Deputy is worth not to exceed $1,500; that the share set off to plaintiff Addie Mc-Caslin is worth not to exceed $1,200; that the share so set off to plaintiff Opal Perdue is worth not to exceed $300; that the shares set off to Mary Potter, Addie Class and Wesley D. Class are worth much less than one-fourth the value of the share of Elizabeth Lett; that the share of Winifred Dollarhide is worth not to exceed one-half the value of the share of said Elizabeth Lett, although said interlocutory decree provided that said real estate should be set off in the following proportions: To Martha Gruber, Elizabeth Lett, Charles W. Deputy, Addie D. Deputy and Winifred Dollarhide each one-sixth part in value; to Opal Perdue, Addie Class, Wesley D. Class and Mary Potter each one-twenty-fourth part in value; that said real estate is not susceptible of division, and that the commissioners were well aware of said fact; that, in addition to setting off the valuable land to said Elizabeth Lett and Martha Gruber in a far greater proportion than said parties were entitled to, said commissioners did further cut up the other shares of the real estate into irregular shapes, by granting to said Elizabeth Lett a roadway through the entire tract, thereby making said shares less valuable; that the entire proceedings, pleadings and papers in the original partition action are set out in said amended complaint; that the prayer of the complaint is that the judgment be reviewed and set aside, and, if the court finds said real estate to be susceptible of division, that commissioners be appointed to divide that portion and to sell the remainder, or if the court finds that said real estate is not susceptible to division, that a commissioner be appointed to sell the same and divide the proceeds according to the respective interests of the parties, and for all other proper relief.

Where an attack on a judgment is collateral—that is, not

for the express purpose of annulling, modifying or correcting it—it must fail, unless the judgment is void, the

1. remedy being by appeal within the time and in the manner prescribed by law.

2. The case before us is a direct attack. *Harmon* v. *Moore* (1887), 112 Ind. 221.

The appellants contend that the court had no jurisdiction over them, because they were nonresidents, and because no proof of the pendency of the action was filed. The record in the former action shows an order for the publication of a nonresident notice. The decree defaulting them is as follows:

"And plaintiffs further show that the defendants·Addie D. Deputy, Opal Perdue, Mary Potter and Charles W. Deputy, being nonresidents of the State of Indiana, as shown by the affidavit heretofore filed, have also been served with the notice of the filing and pendency of said complaint and the time and place fixed for the hearing thereof by publication of such notice for three weeks successively in the Banner Plain Dealer, a public newspaper of general circulation, printed in the city of North Vernon, Indiana, the last of which publications was made and completed at least thirty days prior to this time, and to the date set for the hearing of said petition, a copy of which notice and the proof of publication thereof as aforesaid being now filed and reading as follows [here insert]; and it appearing to the court that the defendants Winifred Dollarhide, Addie Class, Wesley D. Class and Mary Potter are minors, the court appoints William Fitzgerald, guardian *ad litem* for said infant defendants, who now appears and accepts said trust, and for and on their behalf files as such guardian the following: Their separate answers in general denial thereof. And said defendants Addie D. Deputy, Opal Perdue, Charles W. Deputy failing to appear, they are each on motion three times loudly called, but come not, and herein wholly make default."

The alleged proof of publication filed, or affidavit, omitting the notice attached, reads as follows:

"Before me . . . . . . . . . . . . . . . . a . . . . . . . . . . . . . . . . . this day personally came J. S. Smith, who, being duly sworn according to law, says, that he is the publisher of the

Banner Plain Dealer, a weekly paper published at North Vernon, in said county, and that notice, of which the annexed is a true copy, was published in said paper for four weeks successively, the first of which was on March 29, 1906, and the last on April 20, 1906.

J. S. Smith.

Subscribed and sworn to before me this ........ day of ........ 190.."

No name is subscribed to the jurat.

The statute provides for notice to nonresidents by publication.  §§322, 496, 504 Burns 1908, Acts 1885, p. 155, §§473, 481 R. S. 1881.  The failure strictly to follow

3. the statute invalidates the judgment.  *Fontaine* v. *Houston* (1877), 58 Ind. 316; *Pitts* v. *Jackson* (1893), 135 Ind. 211; *Eel River R. Co.* v. *State, ex rel.* (1896), 143 Ind. 231; *Brenner* v. *Quick* (1883), 88 Ind. 546; *Clark* v. *Hillis* (1893), 134 Ind. 421; *Scott* v. *Brackett* (1883), 89 Ind. 413; *Hartley* v. *Boynton* (1883), 17 Fed. 873; Wade, Notice, p. 451; Elliott, App. Proc., §184; 1 Freeman, Judgments (4th ed.), §125.

Jurisdiction is acquired by service and proof of service. No jurisdiction is acquired until a return of process or proof of publication.  The record does not disclose proof of

4. publication.  "The proof of the service of any process issued by the court, or of any notice required to be served upon any party, shall be as follows: * * * Third. In case of publication, a printed copy, with the affidavit of the printer, his foreman or clerk, or of any competent witness."  §504, *supra.*

"An affidavit is a formal, written (or printed), voluntary, *ex parte* statement, sworn (or affirmed) to before an officer authorized to take it."  1 Am. and Eng. Ency. Law

5. (2d ed.), 909.  The jurat must be signed by an officer, with the addition of his official seal.

In *Gambia* v. *Howe* (1846), 8 Blackf. 133—a judgment confessed by virtue of a warrant of attorney—the court, at page 134, say: "A copy of a paper, purporting to be signed

by Robert L. Douglass, and called an affidavit, appears upon the record, which paper was received in the circuit court as proof of the power of attorney; but it has no jurat nor certificate of having been sworn to attached. It amounts to nothing more than a simple certificate.'' See, also, *McDermaid* v. *Russell* (1866), 41 Ill. 489; *Matthews* v. *Reid* (1894), 94 Ga. 461, 19 S. E. 247.

6. The demurrer admits that the alleged proof was never sworn to.

It is claimed by appellees that the assumption of jurisdiction and the exercise of authority by the court is a decision upon the question of notice without any formal
7. entry declaring the notice sufficient. In support of this claim they cite: *Updegraff* v. *Palmer* (1886), 107 Ind. 181; *Carr* v. *State, ex rel.* (1885), 103 Ind. 548; *Platter* v. *Board, etc.* (1885), 103 Ind. 360; *Cauldwell* v. *Curry* (1884), 93 Ind. 363; *Board, etc.,* v. *Hall* (1880), 70 Ind. 469.

In the first case named the appellees appeared and filed answers, and did not challenge the sufficiency of the notice, nor question the method of service, nor the character of proof of notice. Such questions were therefore waived. The court, however, states that the assumption of jurisdiction is decisive upon the question of notice; citing the other cases just named. In each of these the attack was collateral. The mere finding of jurisdiction is not conclusive; in case of default the question of jurisdiction may be raised by a direct attack.

The presumption in favor of the jurisdiction of a court will not prevail where the proof of publication appears in the record to be insufficient. *Debs* v. *Dalton* (1893), 7 Ind. App. 84; Brown, Jurisdiction (2d ed.), §20a; Elliott, App. Proc., §716, and cases cited.

It is also claimed by appellee that the affidavit of the publisher or other person making proof of publication need

not be subscribed by affiant. *Turpin v. Eagle Creek,*
*etc., Road Co.* (1874), 48 Ind. 45, and *Bonnell v. Ray*
(1880), 71 Ind. 141, are cited as sustaining the claim.
In the first case just cited the report of certain assessors was
signed, the officer's jurat, signed by him, follows, showing
that the oath was administered substantially in the words
of the statute. The court held it sufficient; and further,
that, where an affidavit is not by statute or some court
rule required to be subscribed, it is sufficient without the sub-
scription. *Bonnell v. Ray, supra,* is to the same effect. The
cases are not applicable, because, as we have seen, so far as
the record here shows there was no affidavit, simply a certif-
icate of the publisher to the notice in question.

Appellees contend that the "sufficient cause" named in
§1266 Burns 1908, §1209 R. S. 1881, must be such error of
law appearing in the proceedings and judgment as is
referred to in §646 Burns 1908, §616 R. S. 1881;
in other words, that these two statutes mean the same.

Said §646, provides that the complaint may be filed for
"any error of law" appearing in the proceedings and judg-
ment within one year, or for material new matter discovered
since the rendition thereof within three years; or for both
causes within one year after the rendition of judgment with-
out leave of court.

Section 1266, *supra,* pertaining to the partition or sale of
real estate, provides that, upon showing sufficient cause,
any person not served with summons may, within one year
after such partition is confirmed, appear and open the pro-
ceedings and obtain a review thereof; and also any person
of unsound mind or any infant whose guardian did not
attend and approve such partition may, within one year after
the removal of his disability, have a review of such partition.

The right of a party to be relieved from a judgment or to a
review of same is not limited to provisions contained in
§646, *supra*. *Pepin v. Lautman* (1901), 28 Ind. App. 74.

The remedy given by §1266, *supra,* is to persons not served with summons, persons of unsound mind, and infants not represented by guardian in the partition proceedings.

The complaint in the original action demands $200 as plaintiff's attorneys' fees. The court allowed $300. Appellees insist that as §1265 Burns 1908, Acts 1893, p. 315, authorized the court to allow reasonable attorneys' fees, the amount claimed in the complaint is immaterial. Under the statute the court determines the attorneys' fees, subject to review. But, in the absence of an answer, the relief granted cannot exceed the amount demanded; and, as to the parties defaulted, the amount claimed was not amendable below, and cannot be treated as amended here. *Bozarth* v. *McGillicuddy* (1898), 19 Ind. App. 26, and cases cited.

10. Appellants not having been in court, they waived nothing by failing to except to the report of the commissioners.

Judgment reversed, with instructions to overrule the demurrer to the complaint.